33681. ROTHBERG *et al.* *v.* BRADLEY.

DECIDED JANUARY 17, 1952—REHEARING DENIED FEBRUARY 26, 1952.

*T. J. Long*, for plaintiffs in error.

*Hewlett, Dennis, Bowden & Barton*, contra.

GARDNER, J. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. It is the duty of the owner of a building to exercise for the safety of invitees therein ordinary care in discovering defects or dangers, and such owner is liable for failure to warn invitees of dangers or defects in the premises of which he knew or by the exercise of due care should have known. *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57). Therefore, where one enters upon the premises of another for purposes connected with the owner's business conducted on the premises, he is an invitee, and the owner is liable to him in damages for failure to exercise such ordinary care in keeping the premises safe. Such duty to keep the premises safe for invitees extends to all portions of the premises for which invitation is extended and at which the invitee's presence should be reasonably anticipated, or to which he is allowed to go. This duty applies to hidden dangers, mantraps, pitfalls, and the like, and the person responsible for such dangerous place or instrumentality must guard, cover, or protect it, for the safety of persons rightfully at or near it, and timely warning thereof should be given to such persons. *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (167 S. E. 119). The owner is liable for failure to warn invitees of dangers or defects, of which he knew or of which in the exercise of ordinary care it was his duty to know. *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415). The invitation may be implied by dedication or may arise from the known and customary use of portions of certain premises, and it may be inferred from conduct, if notorious or actually known to the owner or his authorized agent, or from any state of facts in which such invitation naturally and necessarily arises. See *Cook* v. *Southern Ry. Co.*, 53 *Ga. App.* 723 (2) (187 S. E. 274); *Flint River Cotton Mills* v. *Colley*, 71 *Ga. App.* 288 (30 S. E. 2d, 426).

While the use of the words "owner or occupier of land" in

Code § 105-401 is not synonymous with "landlord" as used in Code § 61-112, yet, where a landlord retains a qualified possession and general supervision of the premises, he may be liable for injuries arising from his failure to maintain the same in proper repair even without actual knowledge, if in the exercise of ordinary care he should have known thereof; and, in such circumstances, the use of the words "owner or occupier" is synonymous with "landlord," that is, of a landlord who retains qualified possession and general supervision of the rented premises, as in the case of an apartment-house owner. See *Rothschild* v. *First National Bank*, 54 *Ga. App.* 486 (188 S. E. 301); *Crossgrove* v. *A. C. L. R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694); *Augusta-Aiken Ry. &c. Corp.* v. *Hafer*, 21 *Ga. App.* 246 (94 S. E. 252); *Marr* v. *Dieter*, 27 *Ga. App.* 711 (109 S. E. 532).

This case is in this court upon the overruling of the general demurrer interposed by the defendants to the petition, seeking to recover for the alleged negligent homicide of the plaintiff's husband. Whether or not the owner of the premises is guilty of negligence and whether or not such negligence was the proximate cause of the death of an invitee thereon and whether or not the invitee himself was guilty of contributory negligence, are all questions which, under the law prevailing in this State, except in plain and indisputable cases, must be submitted to a jury, and are not questions of law for the court's determination. So, it is generally a question for the jury to determine whether or not the owner of premises has exercised proper care and diligence in keeping the premises safe for those invited thereon. See *Georgia Power Co.* v. *Sheats*, 58 *Ga. App.* 730, 741 (199 S. E. 582); *Lake* v. *Cameron*, 64 *Ga. App.* 501, 505 (13 S. E. 2d, 856); *Morris* v. *Deraney*, 68 *Ga. App.* 308, 312 (22 S. E. 2d, 860).

An invitee, in coming upon land, may rely upon the discharge by the owner of his duty to exercise ordinary care to keep the premises safe; and, therefore, the invitee is not necessarily and as a matter of law guilty of negligence and a failure to exercise due care for his own safety in failing to discover a patent defect in the premises which renders it unsafe for persons coming upon the premises. Therefore, if a defect, though patent, is not of such a nature and character as to be necessarily seen, in the

exercise of ordinary care by a person coming upon the premises and who has a right to rely upon the duty of the owner or occupier of the premises to keep them safe, an invitee coming upon the premises, who, without observing such defect, is tripped by it and injured, is not, as a matter of law, guilty of negligence in not observing this defect. *Lane Drug Stores* v. *Brooks*, 70 *Ga. App.* 878 (29 S. E. 2d, 716).

Therefore, the question here is, did the petition of the plaintiff set forth sufficient facts for submission to a jury on the question as to whether or not the defendants—who were the owners of the apartment house involved, and landlords retaining qualified possession and general supervision thereof—owed to the plaintiff's husband any duty with regard to the use of this apartment building? And, if so, whether or not the failure of the defendants to comply with their obligation with respect to her husband was the proximate cause of his death. It is insisted by the defendants that not only had they breached no duty they owed to the plaintiff's husband, which would consequently render them liable to her, but that the plaintiff's husband met his death as a result of his own failure to exercise due care for his own safety. This is true, the defendants urge, because it affirmatively appears from the petition that the said Potts, the agent of the defendants at this apartment building, while invested with the authority to manage the house, the heating thereof, the general upkeep of the place, and to exhibit the apartments to prospective tenants, did not have from them authority to take persons invited to the apartment building by him up on the roof thereof, and that, in so doing, Potts acted in excess of his authority, and the defendants are not liable to the plaintiff because her husband was an invitee as he went to the roof of the building and as he was upon this roof. The defendants were not required to have actual knowledge of the use being made of the roof of the apartment building by Potts and his sister and by others of their tenants, but it was sufficient, and raised an issue for the jury, that such use could have been known to them by the exercise of ordinary care, and they should have known of the unguarded, unlighted, and dangerous air or light shaft, and were under a duty to have taken precautions necessary to have prevented persons from falling into the same.

As regards the liability of the owner of an apartment house, a guest of a tenant therein may be an invitee. *Henderson* v. *Nolting First Mortgage Corp.*, 184 *Ga.* 724 (2), 736 (193 S. E. 347, 114 A. L. R. 1022) ; *Coffer* v. *Bradshaw*, supra. Under the rules applicable, therefore, a landlord is liable to one lawfully brought on the rented premises, by invitation of the tenant, for injuries arising from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, provided, of course, the person killed or injured was himself in the exercise of due care. *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578).

The landlord owed to the visitor of the tenant, whose presence the landlord was bound to anticipate, the duty of not exposing the guest to a dangerous and deceptive situation amounting to a hidden peril. *Bohn* v. *Beasley*, 51 *Ga. App.* 341 (180 S. E. 656). The duty to keep the premises safe for invitees extends to all portions thereof which it is necessary for the invitee to use in the course of the business for which the invitation was extended and on which his presence should be reasonably anticipated, or to which he is allowed to go. The duty of the landlord to keep the premises safe for invitees applies to hidden dangers and traps alike. A person responsible for such a dangerous place or instrumentality must guard, cover, or protect it for the safety of persons rightfully near it, and timely warning thereof should be given to such persons. See *Coffer* v. *Bradshaw*, supra. But the defendants say that the plaintiff's husband ceased to be an invitee of the defendants when he went upon the roof, and that, when this was done, the connection between the defendants and the plaintiff's husband, as the invited guest of their agent and tenant Potts, was severed. The invitee may not wander at will without further invitation to "out-of-the-way and dangerous places" on the premises; neither may he use parts of the premises for purposes wholly disconnected from and in no way pertaining to the business in hand or the objects of the invitation. The plaintiff and her husband, together with Otis Jones and his wife, were paying a purely social call upon Potts and his sister. It was a sultry August evening. It was customary practice for the tenants occupying this building of the defendants to use

this flat roof as a place to sit in the evening, particularly on hot, sultry nights, and enjoy breathing the fresh, cooler air and also to view the lights of the metropolitan area of the City of Atlanta; and this practice had been going on for more than 12 months next preceding the night when the plaintiff's husband met his death by falling into the unguarded and unlit air shaft and plunging three floors below to meet his death. While this roof was not generally a place for persons, namely, tenants of the defendants' apartment house and their guests, to congregate, either to view the lights of the city or to enjoy the cooler and fresher air available there, this use of the roof was not unusual. However, this use of this particular roof is alleged to have been customary and to have been taking place for more than 12 months before the accident happened. This constituted an issue to be determined by the jury, and the situation is not analogous to those where an invitee wanders at random about the premises or goes to a place where he is not invited.

Therefore, the defendants, according to the allegations of this petition, knew of this practice or should have known about it. They, likewise, knew or should have known about this unlighted and unprotected open pitfall, the air shaft. Nothing was done to warn persons thereof, nor was anything done to place a guard-rail around the same or in any wise protect it, or to have lights so placed as to illuminate this opening and show to persons likely to be upon the roof the unguarded and dangerous nature of this shaft.

It is to be borne in mind that at all times the defendants retained qualified possession and general supervision over this apartment house; and as to their liability for personal injuries to the invited guests of their tenants in this apartment house, and as to their liability for personal injury to the invited guests of their tenants of this apartment, control of the roof and other parts of the apartment-house building which were used in common by the other tenants remained with the defendants. A landlord, letting portions of a building to separate tenants, retaining other portions under his control, is under the responsibility of a general owner of real estate who holds out a general invitation to others to enter upon and use his property, and is

bound to see that reasonable care is exercised to keep the portion thus retained by him reasonably safe and fit for the uses which he has invited others to make of it. See Reiman v. Moore, 42 Cal. App. 2d, 130 (108 Pac. 2d, 452) ; Bowser v. Artman, 336 Pa. 388 (69 Atl. 2d, 836).

But the defendants state that the plaintiff's husband was not upon the premises as their invitee or guest, but as the invited guest of their tenant Potts; and that, while under the law they owed to the plaintiff's husband, as an invitee upon the premises, the duty to use reasonable care in keeping the premises safe, this duty arose solely by virtue of the deceased and his wife being the invited guests of their tenant Potts, and, if the tenant could not recover against them, the plaintiff could not recover; that the plaintiff's husband stood in the shoes of the tenant, and whatever rights the plaintiff's husband had, whatever duty they owed to him, was by virtue of his being the invited guest of Potts, who was their tenant; and that, if the tenant himself could not recover from them, the invitee of the tenant could not recover. The defendants' obligation to the plaintiff's husband was the same as their obligation to their tenant Potts, and such obligation was not greater as respects the deceased invitee than their obligation to their said tenant. The right of the plaintiff to recover for the death of her husband is controlled by the rules governing the right of the tenant Potts to recover for an injury sustained on the rented premises. See Crossgrove v. A. C. L. R. Co., supra; Hickman v. Toole, 31 Ga. App. 230 (120 S. E. 438); Kleinberg v. Lyons, 39 Ga. App. 774 (148 S. E. 535). However, as was ruled in the Kleinberg case, supra: "This does not mean that any defense available against a tenant would necessarily also be available against a stranger lawfully visiting the tenant. 36 C. J. 224, § 913. In other words, conduct on the part of the tenant constituting contributory negligence such as might . . bar a recovery on his part, would not necessarily be taken as constituting the proximate cause of an injury such as would bar a visitor who did not himself participate in the negligent act of the tenant." The section of Corpus Juris cited by this court in the Kleinberg case and followed in making the ruling therein above quoted states: "It has, however, been held that although the obligation to invitees

is the same as and no greater than the obligations to tenants, this does not mean that any defense available against a tenant would also be available against a stranger lawfully visiting the tenant, as for example, that the tenant knew of and consented to the defective condition. So also in a jurisdiction [Georgia] where the landlord is under a statutory duty to keep the demised premises in a safe condition, a guest of a tenant may have a right of action against the landlord in spite of the fact that the tenant had warning of the defects and could not himself have recovered."

The fact that Potts and his wife had knowledge of the existence of this unguarded, unlighted and open air shaft leading from the roof of this building downward three floors would not necessarily bar the plaintiff from recovering in this case. It is alleged that "neither petitioner nor her husband had ever been on the roof before and they were wholly unfamiliar with it or anything about it." Had Potts or his sister fallen into this shaft, a recovery against these defendants might not be proper. However, the same defense is not available by the landlords, these defendants, as against the plaintiff, suing for the death of her husband. The right of action of the guest of the tenant is predicated upon the failure of the defendants, who retained a qualified possession and general supervision of this apartment house, to keep the demised premises in a safe condition. The agency of Potts is not controlling here. The plaintiff would be entitled to have her case submitted to a jury under the allegations made in the petition, had she and her husband been guests of another tenant or occupant of the defendants' apartment house, who was not the agent or servant of the defendants as to the management of the building. The fact that Potts was the agent and servant of the defendants as to the exhibiting of apartments therein and as to the management and upkeep of the building, for the comfort and convenience of the tenants thereof, charged him with knowledge of the unguarded and poorly lighted air shaft, of which he failed to warn the plaintiff's husband, after inviting him upon the roof to obtain fresh and cooler air and to enjoy the sight of the lights of the City of Atlanta. This case is not predicated upon the liability of the defendants as principals of Potts, the agent, who was guilty of negligence chargeable to

them. It is a case where the defendants, owners of the apartment house and the landlords thereof, retained a qualified possession and general supervision thereof, failed to keep the premises in a safe condition, and as a result of such failure the plaintiff's husband, an invitee on the premises, was killed.

Applying the above principles, the allegations of the petition stated a cause of action properly to be submitted to a jury, and the trial court did not err in overruling the general demurrer thereto interposed by the defendants.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*