35316. CONKLE, by next friend, *v.* CONKLE.

GARDNER, P. J. We shall call William D. Conkle, by next friend, the plaintiff, and we shall call J. P. Conkle the defendant. The plaintiff brought a petition against the defendant seeking damages in the sum of $10,000. Omitting the formal parts, the petition alleges: "4. That defendant is the owner and operator of one 1949 Dodge ½ ton pickup truck, motor # T142-84513. 5. That during the afternoon of July 4, 1953, defendant had been operating said truck after which the defendant parked said truck in the back yard of his home at Experiment, Ga. 6. That the usual and customary place of parking said truck when not in use, was in the garage of defendant, near to the yard of defendant. 7. That plaintiff lives in the dwelling immediately back of defendant, and he, together with the other small children in the immediate neighborhood, use the back yard where said truck was parked, as a playground for said children, all in the knowledge of defendant. 8. That at the time defendant left said truck at said place, plaintiff and several other small children were using said back yard as a playground, with the knowledge of defendant. 9. That that tail gate was left dangling and unfastened and in reach of the plaintiff at the said time and place. 10. That soon after defendant parked said truck in said playground, plaintiff, being too young to know the dangers thereof, began to tinker with the fasten-

ing apparatus of said tail gate of said truck, and caused said tail gate to fall from a closed position to an open position. 11. That in the fall of said tail gate, the left thumb of plaintiff was crushed and almost completely severed at the first joint, said injury resulting in the loss of said left thumb, leaving only a stub on said left hand." Paragraphs 12, 13, 14, and 20 describe the injuries and the effect thereof. "15. That on account of his tender age, the plaintiff was not guilty of contributory negligence at said time and place. 16. That said injury was caused by the negligence of defendant. 17. That defendant was negligent in leaving his said truck parked out in the open play yard where it would attract plaintiff and other little children whose custom it was to play in said yard. 18. Defendant was negligent in not parking said truck in his garage. 19. Defendant was negligent in leaving the tail gate of said truck insecurely and only partially fastened at said time and place. . . 22. That the plaintiff, who was a child under four years of age, seeing the tail gate down and swinging loose, was attracted thereby and in seeking to investigate according to the natural instincts of a child, pushed said gate up, causing said gate to fall back against another part of said truck, crushing plaintiff's left thumb. 23. That on account of the injury to said left thumb, being almost completely severed, the first joint of said thumb had to be amputated, leaving his hand deformed and only a stub on said left hand. 24. That plaintiff was incapable of exercising care for his own safety, and the injury resulted from the negligence of the defendant in leaving said tail gate in a dangerous condition.

The defendant filed to the petition a general demurrer, which the court sustained and dismissed the petition. On this judgment the plaintiff assigns error. *Held:*

The court did not err in sustaining the general demurrer. This case is controlled by *Brown* v. *Bone,* 85 *Ga. App.* 22 (68 S. E. 2d 190). Counsel for the plaintiff call our attention to the provisions of Code § 105-401. The principles of this section are not applicable to the facts in the instant case. Counsel also insists that the decision in *Banks* v. *Watts,* 75 *Ga. App.* 769 (44 S. E. 2d 510), sustains the position that the allegations of the petition are sufficient to withstand a general demurrer. Judge MacIntyre, who wrote the opinion in *Brown* v. *Bone,* also wrote the opinion in *Banks* v. *Watts,* supra. A comparative reading of the two cases will make clear the distinction between them. The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 13, 1954.

*S. B. Wallace,* for plaintiff in error.
*Cumming & Cumming,* contra.