37805. SYLVAN HEIGHTS APARTMENTS, INC.
*v.* TALLON.

DECIDED SEPTEMBER 17, 1959.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.

*Schwall & Heuett, Emory Schwall,* contra.

GARDNER, Presiding Judge. The petition is silent as to how long the tenancy had existed. It is true that it must be assumed that the tenancy had existed for a period long enough for the plaintiff, as an ordinarily prudent and intelligent person, to have acquainted himself with the physical surroundings of the apartment. See *Brim* v. *Healey Real Estate &c. Co.,* 56 *Ga. App.* 483 (193 S. E. 84). Temporary factors could conceivably occur to make such knowledge of no value to the plaintiff, and likewise temporary factors could occur which might not be, or could not be, within the knowledge of the landlord. In *Rothberg* v. *Bradley,* 85 *Ga. App.* 477, 481 (69 S. E. 2d 293) this court held: "Whether or not the owner of the premises is guilty of negligence and whether or not such negligence was the proximate cause of the death of an invitee thereon and whether or not the invitee himself was guilty of contributory negligence, are all questions which, under the law prevailing in this State, except in plain and indisputable cases, must be submitted to a jury, and are not questions of law for the court's determination. So, it is generally a question for the jury to determine whether or not the owner of premises has exercised proper care and diligence in keeping the premises safe for those invited thereon."

Construing the petition most strongly against the pleader, as must be done on general demurrer, there appears to be sufficient pleadings to be good against general demurrer. Nor are the special demurrers meritorious.

The court did not err in overruling the general and special demurrers to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*