### 41872. YOUNG v. TOWLES.

SUBMITTED MARCH 9, 1966—DECIDED APRIL 5, 1966.

*Northcutt & Edwards, John Ray Nicholson,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall,* for appellee.

JORDAN, Judge. This is an appeal from the judgment of the trial court sustaining a general demurrer to the petition of the plaintiff seeking to recover damages for medical expenses and the loss of services of her minor son who was allegedly injured when a quantity of gasoline vapor emanating from the vent pipes of an underground storage tank located on the premises of a gasoline service station settled at ground level on the front yard of an adjoining multiple unit apartment building where

the plaintiff's son was playing and exploded. The petition alleged that the explosion of the vapors was caused when one of the children playing with the plaintiff's son "found a book of matches on the ground and proceeded to strike one of same." The defendant is the owner of the apartment premises.

The petition charged that a "hazardous condition" had been created by the construction of improvements on the defendant's property which caused the area around the vent pipes extending from the underground storage tank on the adjacent service station premises to become "confined and made it difficult for the flammable vapors which were discharged from said vent pipes to be dispersed in the air"; and the defendant was charged with negligence in failing to correct this hazardous condition caused by the location of the vent pipes on the adjoining property and in failing to give warning to the plaintiff's son of the dangerous condition which existed on his property because of the accumulation thereon of the gasoline vapor coming from such vent pipes. It was alleged that such negligence was the proximate cause of the injuries to the plaintiff's son.

1. It is contended by counsel for the plaintiff that the plaintiff's minor son entered the apartment house premises as a guest of defendant's tenant and was therefore an invitee upon the premises with respect to whom the defendant was required to exercise ordinary care to keep the premises safe and free from hidden dangers. *Rothberg v. Bradley*, 85 Ga. App. 477 (69 SE2d 293); *Code* § 105-401.

The petition did not allege, however, that the plaintiff's son was an invitee on the premises or that his presence was at the express or implied invitation of the defendant or the defendant's tenant; and such conclusion cannot be inferred from the only allegations of the petition touching upon the status of his presence there, which merely alleged that "said child was playing with his friends, Calvin Vinson, age 8, and Michael Vinson, age 5, in the front yard of the apartment dwelling of the defendant, while the mother of the friends of plaintiff was visiting in Apartment No. 1 of said apartment dwelling of the defendant, which was where the uncle of the said friends of the plaintiff lived," and that "prior to the incident hereinafter described plaintiff's

child and other children customarily played in the yard in front of said apartment dwelling."

Under these allegations of the petition, "the child could have been no more than a licensee" to whom the defendant owed no duty as to the condition of his premises, "save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm." *Atlantic C. L. R. Co. v. O'Neal*, 180 Ga. 153, 156 (178 SE 451); *Code* § 105-402; *Cook v. Southern R. Co.*, 53 Ga. App. 723, 725 (187 SE 274); *Brown v. Bone*, 85 Ga. App. 22 (68 SE2d 190); *Conkle v. Conkle*, 90 Ga. App. 802 (84 SE2d 599); *Ricks v. Boatwright*, 95 Ga. App. 267 (97 SE2d 635); *Henderson v. Baird*, 100 Ga. App. 627 (112 SE2d 221).

2. Since the petition affirmatively disclosed that the gasoline vapors which had allegedly accumulated on the defendant's property had come from a source located away from the defendant's property, and since the petition did not show that the defendant had knowledge of the presence of these vapors and of the alleged dangerous condition thus created and the probability of harm to the plaintiff's son arising therefrom, it cannot be said that the defendant "knowingly let him run upon a hidden peril," or that he violated any duty which he owed to the plaintiff's son as a bare licensee. The trial court did not err therefore in sustaining the general demurrer to the petition.

3. This construction of the petition is not meant to infer that a cause of action would have been set forth if the plaintiff's son had been an invitee on the premises; for even if he had occupied that status, the defendant would not have been an insurer of his safety but would only have owed him the duty of exercising ordinary care to keep the premises safe and free from hidden dangers. In this connection, the petition did not allege that a similar occurrence had previously taken place; nor did it allege any other facts which would support the conclusion of the pleader that the defendant had constructive knowledge of the alleged dangerous condition caused by the discharge of gasoline vapors from the vent pipes of the underground storage tank located on the adjacent premises. The petition affirmatively alleged that these fumes were only discharged when the tank was in the process of being filled and it was not shown that the defendant

by reasonable inspection could have detected the sporadic discharge and accumulation of these vapors. We think it clear under the allegations of the petition that the alleged accumulation of gasoline vapors on the defendant's premises and subsequent explosion was as to this defendant a completely unforeseen event which he was under no duty to anticipate and guard against in the exercise of ordinary care to inspect his premises and keep them in a safe condition and free from hidden dangers.

The case of *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643 (49 SE2d 143), which was strongly relied upon by counsel for the plaintiff, is clearly distinguishable from this case. According to the allegations of the petition under review in that case, the plaintiff's minor son was killed when his body came in contact with 2300 volts of electrical current from an uninsulated power line which was suspended only 4½ feet from the top of a sawdust pile maintained on the property of the defendant lumber company; and the petition, which was held to state a cause of action, alleged that the defendant lumber company had actual knowledge of the dangerous situation created by the proximity of the sawdust pile to the naked power line and that with such knowledge the defendant had permitted children to play on the sawdust pile without giving them warning of the hidden peril and hazardous condition known to exist.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*