## 50409. CHATHAM v. LARKINS et al.

CLARK, Judge.

This appeal again presents the perennial problems: (1) do the facts of the instant case show plaintiff to be a licensee or an invitee? (2) did the plaintiff as a matter of law fail to exercise the required duty of ordinary care for her own safety? This time the case comes to us via an immediate review certificate in which a defendant landlord appeals from the denial of his motion for summary judgment. Plaintiff wife was injured when she was on defendant's premises to return some foods to a tenant at the tenant's request. These edibles were to be available for a church social scheduled for the next day. She and the tenant were members of the same Sunday School class. The husband as co-plaintiff sues for medical expenses and loss of consortium. Negligence charged against the defendant include a failure to maintain a safe entrance and exit, failure to keep the sidewalk and surrounding areas of the apartment complex in safe and good repair, and failure to warn plaintiff of defects or dangers in the premises.

We reconstruct the facts from the depositions to be as follows: Both plaintiffs, husband and wife, in compliance with a request of one of defendant's tenants, entered the landlord's premises. Their mission was to return hamburger meat and buns which had been stored in their freezer as an accommodation for the tenant. Their acceptance of these viands had occurred several weeks before and marked the only other occasion upon which plaintiffs visited the tenant's place of abode.

On their previous visit, plaintiffs, in approaching the tenant's apartment unit, traversed the entire apartment complex walkway without departing from the concrete. But when plaintiffs arrived at the landlord's premises on the day in question, a moving van blocked their path to the foot of the walkway. To enter the tenant's apartment, therefore, plaintiffs walked across the lawn of the complex until they reached a point at which they could gain access to the sidewalk. They then proceeded on the walkway to the tenant's apartment and, finding the tenant not at home, left the foodstuffs with the tenant's

daughter. Returning to their automobile, plaintiffs departed from the walkway on account of, again, the presence of the moving van.

The walkway was not level with the ground and at their point of departure it was necessary for plaintiffs to step down approximately nine or ten inches. As the wife stepped down she was aware that the lawn was lower than the sidewalk; nevertheless, she lost her footing ("my foot hit something") and fell, breaking a bone in her knee. As he calmed and helped his wife, the husband noticed two pipes, which were partially hidden by vines, protruding from under the walkway. The pipes were approximately fifteen or eighteen inches from the point at which the wife's feet came to rest. Neither plaintiff had seen the pipes until that time. *Held:*

1. "As regards the liability of the owner of an apartment house, a guest of a tenant therein may be an invitee. [Cits.] Under the rules applicable, therefore, a landlord is liable to one lawfully brought on the rented premises, by invitation of the tenant, for injuries arising from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, provided, of course, the person killed or injured was himself in the exercise of due care. [Cit.]" *Rothbert v. Bradley,* 85 Ga. App. 477, 483 (69 SE2d 293).

Recognizing this principle, the landlord argues that (1) the wife was a licensee and, therefore, cannot recover in the absence of a showing that he wilfully and wantonly injured her; and (2) the wife did not exercise due care for her own safety. We consider these arguments seriatim.

2. Was the wife an invitee or a licensee? "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification." Code § 105-402; *Petree v. Davison-Paxon-Stokes Co.,* 30 Ga. App. 490, 492 (118 SE 697). Thus, whether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner (or tenant) of the premises. If the relation solely benefits the person injured, he is at most a licensee.

If, on the other hand, the relation was of mutual interest to the parties, he is an invitee. *Cook v. Southern R. Co.,* 53 Ga. App. 723, 725 (2a) (187 SE 274); *Pries v. Atlanta Enterprises, Inc.,* 66 Ga. App. 464 (17 SE2d 902).

While the mutuality of interest required to render a person an invitee does not necessarily contemplate mutual economic or monetary advantage (*Candler General Hospital v. Purvis,* 123 Ga. App. 334, 336 (2) (181 SE2d 77)), the legal status of a mere social guest is, nevertheless, that of a licensee. *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482); *Patterson v. Thomas,* 118 Ga. App. 326 (163 SE2d 331); *Rodriguez v. Newby,* 131 Ga. App. 651, 653 (1) (206 SE2d 585). And the fact that incidental services are performed by the guest during the course of his visit does not make him an invitee. Ross v. DeMond, 48 Cal. Rptr. 743 (Cal. App. 1966); Pinson v. Barlow, 209 S2d 722 (Fla. App. 1968); Annot., 25 ALR2d 598, 607 (1952); Prosser, Law of Torts, p. 385, § 60 (3d Ed. 1964).

But if the primary purpose of the visit is to perform services for the host or services mutually beneficial to host and guest, the legal status of the visitor is that of an invitee. Speece v. Browne, 229 Cal. App. 2d 487 (40 Cal. Rptr. 384) (1964). Thus, this court ruled a plaintiff occupied the status of an invitee where she arrived at the home of defendant prior to the commencement of a party, at defendant's special invitation and request, for the purpose of assisting in the preparations for the party. *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251).

In the record before us the uncontradicted evidence is that plaintiff's visit was to bring foodstuffs to the landlord's tenant at the tenant's request in preparation for a church gathering to be held the following day. Thus the jury could find from this presentation that the requisite mutuality of interest was present whereby the plaintiff wife was an invitee to whom the duty owed was one of ordinary care. *Rothberg v. Bradley,* 85 Ga. App. 477, supra; *Martin v. Henson,* 95 Ga. App. 715, supra.

3. Did the wife exercise due care for her own safety? We cannot say as a matter of law that she did not.

"An invitee, in coming upon land, may rely upon the discharge by the owner of his duty to exercise ordinary

care to keep the premises safe; and, therefore, the invitee is not necessarily and as a matter of law guilty of negligence and a failure to exercise due care for his own safety in failing to discover a patent defect in the premises which renders it unsafe for persons coming upon the premises. Therefore, if a defect, though patent, is not of such a nature and character as to be necessarily seen, in the exercise of ordinary care by a person coming upon the premises and who has a right to rely upon the duty of the owner or occupier of the premises to keep them safe, an invitee coming upon the premises, who, without observing such defect, is tripped by it and injured, is not, as a matter of law, guilty of negligence in not observing this defect. *Lane Drug Stores v. Brooks,* 70 Ga. App. 878 (29 SE2d 716)." *Rothberg v. Bradley,* 85 Ga. App. 477, 481, supra. Here the nature of the alleged defect is such that the question of plaintiff having exercised ordinary care is for the jury to determine.

The authorities relied upon by appellant in support of his contention that the wife failed to exercise due care are not apposite here. In those cases (E.g., *McMullan v. Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420); *Ely v. Barbizon Towers, Inc.,* 101 Ga. App. 872 (115 SE2d 616); *McHugh v. Trust Co. of Ga.,* 102 Ga. App. 412 (116 SE2d 512)) the danger was such that it could readily be seen by one in the exercise of ordinary care.

4. The trial court did not err in overruling defendant's motion for summary judgment.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted March 11, 1975 — Decided May 16, 1975.

*Dennis & Fain, Douglas Dennis, Martin D. Chitwood,* for appellant.

*Rich, Bass, Kidd & Witcher, William G. Witcher, Jr.,* for appellees.