## 63486. STRICKLAND v. ITT RAYONIER, INC. et al.

CARLEY, Judge.

Appellant's deceased was killed while on a deer hunt when he was accidentally shot by a member of the Camp Lake Hunting Club (Club). The accidental shooting occurred on property leased to appellee-defendant ITT Rayonier and in which appellee had granted the Club, as a licensee, "the right and privilege . . . to hunt . . ."

Appellant brought the instant wrongful death suit against appellee, the Club and the individual member who fired the gun. After discovery, the trial court granted appellee's motion for summary judgment. Appellant appeals.

1. Appellant first urges that genuine issues of material fact remain concerning the status of the remaining defendants below, the Club and the member, as, respectively, the agent and subagent of appellee and whether any alleged negligence on the part of the club and the member is imputable to appellee.

"[I]mputed negligence must rest on an agency relationship. [Cits.]" *McKinney v. Burke,* 108 Ga. App. 501, 504 (133 SE2d 383) (1963). Our review of the record clearly demonstrates that no genuine issue regarding the existence of an agency relationship between appellee and the Club and its members remains in the case. See generally *Hampton v. McCord,* 141 Ga. App. 97, 98 (1) (232 SE2d 582) (1977). The evidence shows only the existence of a licensor-licensee relationship arising from the agreement granting to the club and its members rights and privileges to hunt on the land. The fact that appellee may have received as the incidental result of that agreement a benefit in the form of game management "does not change the actual relationship between them. [Cit.]" *Drawdy v. McVeigh,* 110 Ga. App. 329 (138 SE2d 477) (1964). It was not error to grant appellee summary judgment as to appellant's agency-imputed negligence theory of recovery.

2. Appellant also asserts that genuine issues of material fact remain with regard to appellee's direct liability under Code Ann. § 105-401. Appellant's deceased was not, however, an invitee of appellee within the meaning of Code Ann. § 105-401. "[W]hether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner (or tenant) of the premises. If the relation solely benefits the person injured, he is at most a licensee." *Chatham v. Larkins,* 134 Ga. App. 856, 857 (216 SE2d 677) (1975). In the record before us, the uncontroverted evidence is that the sole purpose of the visit of the deceased, who was not a member of the club, to the property was to hunt deer at the invitation of the member. The fact that the deceased may have been performing for appellee the

incidental service of game management would "not make him an invitee. [Cits.]" *Chatham,* 134 Ga. App. at 858, supra. Thus, regardless of what relationship, invitee or social guest, appellant's deceased may have had with the club or its member, it is clear that he was at most a licensee with regard to appellee. See generally *Jones v. Asa G. Candler, Inc.,* 22 Ga. App. 717 (97 SE 112) (1918).

"The owner of property owes a duty not to wilfully or wantonly injure a licensee (Code § 105-402) and must exercise ordinary care and diligence to prevent injury after his (her) presence is known or reasonably should be anticipated. [Cit.]" *Haag v. Stone,* 127 Ga. App. 235, 236 (193 SE2d 62) (1972). " 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved . . . The words 'the risk' denote not only the existence of a risk, but also its extent. Thus 'knowledge' of the risk involved in a particular condition implies not only that the condition is recognized as dangerous, but also that the chance of harm and the gravity of the threatened harm are appreciated.' [Cits.]" *Patterson v. Thomas,* 118 Ga. App. 326, 328 (163 SE2d 331) (1968). See also *London Iron & Metal Co. v. Abney,* 245 Ga. 759, 761 (267 SE2d 214) (1980). Our review of the record in the instant case demonstrates that no genuine issue of material fact remains with regard to appellee's liability as a landowner for the death of appellant's deceased. See generally *Lincoln v. Wilcox,* 111 Ga. App. 365 (141 SE2d 765) (1965); *Belk Hudson Co. v. Davis,* 132 Ga. App. 237 (207 SE2d 528) (1974). Accordingly it was not error to grant appellee's motion for summary judgment as to this theory of recovery.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided May 11, 1982.

*Tom J. Crosby,* for appellant.
*Albert Fendig, Jr., Alva J. Hopkins III, J. Thomas Whelchel,* for appellees.