## 64507. ROBINSON v. TURNER.

SOGNIER, Judge.

Robinson sued Turner, his half-brother, for injuries sustained while Robinson was using Turner's lawn mower to cut Turner's grass. Robinson's foot slipped under the lawn mower and three of his toes were severed from his foot. The trial court granted summary judgment in favor of Turner and Robinson appeals.

Appellant contends that the trial court erred in granting summary judgment because there are questions of fact regarding Turner's breach of duty to Robinson, an invitee. Appellee argues that Robinson was a mere social guest or licensee and that Turner may be liable to appellant only for willful or wanton injury. Code Ann. § 105-402(b) (now OCGA § 51-3-2).

Robinson, who lived with the brothers' mother, was staying at Turner's home with their mother while she recuperated from surgery. Robinson paid no rent, nor was he sharing any household expenses with Turner. There was no evidence that Turner had requested Robinson to stay at his home for any reason other than as a favor to Robinson. Robinson worked for Turner at a linen service and when the brothers arrived at Turner's home one evening after work, Turner began cutting the grass. Turner went into the house, and, without being asked by Turner, Robinson commenced cutting the lawn. The lawn mower did not have a rear guard and Robinson was injured when

his foot slipped under the mower.

Robinson testified on deposition that he had used the same lawn mower on two other occasions and had had no difficulty; he also testified that the lawn mower was on the carport when he started the motor and began mowing. He stated that it was readily apparent that the mower had no rear guard on it, although he did not know that Turner had removed the rear guard.

" 'The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee. [Cits.]' " *Higginbotham v. Winborn,* 135 Ga. App. 753, 755 (218 SE2d 917) (1975).

"One invited to the premises of another as a personal favor to the invitee, does not become an 'invitee' of the owner of the premises within Code § 105-401. . . . 'The test of "mutuality of interest" under Code § 105-402 is generally used in reference to a business in which the occupant is engaged or which he permits to be carried on there; it has no application in regard to a mere *social guest.* [Cit.]' *Higginbotham v. Winborn,* supra. at 755. If the relation solely benefits the person injured, he is at most a licensee. *Strickland v. ITT Rayonier, Inc.,* 162 Ga. App. 317 (291 SE2d 396) (1982). There is no evidence that Turner derived any benefit from Robinson's presence in his home, and we must view Robinson as a mere social guest or licensee. See *Frankel v. Antman,* 157 Ga. App. 26 (276 SE2d 87) (1981). Robinson's voluntary act of cutting the lawn for Turner does not change his status, nor Turner's duty of care to him. *Rooks v. Jordan,* 115 Ga. App. 360 (154 SE2d 746) (1967).

" 'An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm.' " *Patterson v. Thomas,* 118 Ga. App. 326, 327 (163 SE2d 331) (1968). An owner or occupier is subject to liability to a licensee for injury caused by a condition on the property if the owner (a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not realize the danger; and (b) fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and risk involved; and (c) the licensee does not know or have reason to know of the condition and the risk. *Barry v. Cantrell,* 150 Ga. App. 439, 441 (258 SE2d 61)

(1979).

The burden on summary judgment is on the movant here to affirmatively negate Robinson's claim and show that he is not entitled to recover under any theory of the case. *Barry v. Cantrell,* supra. at 441. In the instant case Robinson admitted that he voluntarily took up the task of cutting the lawn, that he had used the same lawn mower on other occasions without difficulty, and that it was readily apparent that the mower did not have a shield on it. Under the circumstances, his knowledge of the risk involved was the same as Turner's. *Ramsey v. Mercer,* 142 Ga. App. 827, 830 (237 SE2d 450) (1977). Thus, the trial court did not err in granting summary judgment in favor of Turner.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1982.

*Jimmy W. Jones,* for appellant.
*Walter B. McClelland,* for appellee.