## 65478. BROWN v. CLAY.

SOGNIER, Judge.

Billy Brown was injured when he jumped from a second story window to escape a fire in a rooming house owned by W. E. Clay. Brown's friend, Bill Ganues, had rented the room from Clay and permitted Brown to stay there occasionally without the knowledge or consent of Clay. Brown sued Clay alleging negligence in failing to provide safe premises for tenants. Clay's motion for summary judgment was granted and Brown appeals.

Appellant contends that the trial court erred in granting summary judgment because there are questions of fact remaining with regard to appellee's breach of duty to him as an invitee. Appellee argues that he owed no duty to Brown because he was a mere licensee.

Ganues testified by affidavit that he had allowed Brown to stay in his room as a favor to Brown; that Brown had never paid him or Clay any money for rent; that Clay had no knowledge that Brown was staying in Ganues' room; and that Ganues knew that Clay did not permit tenants to have overnight guests in his rooming house. Clay testified by deposition that one of the rules in his rooming house was that tenants could not have overnight guests and that he had no knowledge that Brown was staying in Ganues' room.

Brown testified by deposition that he had been staying at Clay's rooming house for about two weeks; that he never talked to Clay prior to the fire; that he was staying with his friend Ganues and had given Ganues $10 to $15 a week for rent. However, Ganues had not requested any payment from Brown and Brown stated that, "I was just helping on the rent."

Appellant argues that as a guest of Ganues he stands in the shoes of the tenant with respect to the duty owed by the landlord. *Rothberg v. Bradley,* 85 Ga. App. 477 (69 SE2d 293) (1952); *Davis v. Garden Services,* 155 Ga. App. 34 (270 SE2d 228) (1980). While we do not disagree with this statement of the law, we do not agree with appellant that his status is that of an invitee.

"[W]hether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner (or tenant) of the premises. If the relation solely benefits the person injured, he is at most a licensee. If, on the other hand, the relation was of mutual interest to the parties, he is an invitee. [Cits.]" *Chatham v. Larkins,* 134 Ga. App. 856, 857 (216 SE2d 677) (1975).

The mutuality of interest required to render a person an invitee does not necessarily contemplate mutual economic or monetary advantage; however, the fact that incidental services are performed by a guest during the course of his visit does not make him an invitee. Id. at 858; see also *Robinson v. Turner,* 164 Ga. App. 515 (297 SE2d 522) (1982).

If the *primary* purpose of the visit is of mutual benefit to the tenant and guest, the legal status of the visitor is that of an invitee. *Chatham v. Larkins,* supra. However, a landlord is liable to one injured while visiting a tenant for his (the visitor's) own personal advantage only for wilful or wanton injury to the visitor, a licensee. *Jones v. Asa G. Candler, Inc.,* 22 Ga. App. 717, 720 (97 SE 112) (1918); *Strickland v. ITT Rayonier,* 162 Ga. App. 317 (291 SE2d 396) (1982).

Under the undisputed facts of this case, we think appellant stayed in Clay's rooming house as a licensee only, notwithstanding his voluntary payment of some amount of money to the tenant. The alleged payment must be considered incidental to the primary purpose of Brown's stay, that being for his own convenience and not for the mutual benefit of the tenant. There being no evidence whatsoever of any wilfulness or wantonness on the part of the landlord, nor any evidence that Brown's presence on the premises was known to Clay, the trial court correctly granted summary judgment in favor of appellee. OCGA § 51-3-2 (Code Ann. § 105-402); *Strickland v. ITT Rayonier,* supra.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 4, 1983 —
REHEARING DENIED MAY 20, 1983 — 

*F. Glenn Moffett, Jr., L. Prentice Eager III,* for appellant.
*M. David Merritt,* for appellee.