## 72629. WALKER v. REED.
### (348 SE2d 707)

CARLEY, Judge.

Pursuant to a lease agreement, appellee-defendant operated a service station. The service station was bordered on the west by a grass-covered vacant lot. A row of low shrubs separated the vacant lot from this service station premises. Under the terms of his agreement, appellee's leasehold included not only the service station itself, but also the adjoining vacant lot. However, the uncontroverted evidence shows that, at all times relevant to this appeal, appellee was unaware that he held any interest whatsoever in the vacant lot. Furthermore, neither appellee nor any of his employees had ever performed any work on, or exercised any control over, the vacant lot.

In April of 1982, individuals who are not parties to the instant appeal set up a children's pony ride on the vacant lot, providing rides in exchange for a fee. Under the uncontradicted evidence, appellee, having no actual knowledge of his interest in the vacant lot, was not asked to give permission for the pony ride to be operated, nor did he at any time give such permission. Appellant-plaintiff took his children to the pony ride. While there, appellant decided that he would attempt to ride an adult horse. The horse reared up and fell on appellant, causing serious injuries. As a result of his injuries, appellant brought this action in negligence against appellee as the "occupier" of the land upon which the pony ride had been located. After discovery, appellee's motion for summary judgment was granted. Appellant appeals from the trial court's order granting appellee's motion.

The uncontradicted evidence shows that there was no mutuality of interest, monetary or otherwise, between appellee and appellant as

a patron of the pony ride. *Higginbotham v. Winborn*, 135 Ga. App. 753, 754 (1) (218 SE2d 917) (1975); *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981). Accordingly, although appellee may have been the unknowing occupier of the vacant lot, appellant was, as to appellee, at most only a licensee. See *Strickland v. ITT Rayonier*, 162 Ga. App. 317 (2) (291 SE2d 396) (1982); *Petree v. Davison-Paxon-Stokes Co.*, 30 Ga. App. 490, 492 (118 SE 697) (1923); *Higginbotham v. Winborn*, supra. The owner or proprietor of premises is liable to a licensee only for wilful or wanton injury. See generally OCGA § 51-3-2; *Burkhead v. American Legion*, 175 Ga. App. 56 (332 SE2d 311) (1985). Appellant's complaint alleges and the uncontroverted evidence shows no wanton or wilful act or omission on the part of appellee which was the cause of appellant's injury. Accordingly, the trial court did not err in granting summary judgment in favor of appellee with regard to his liability as the occupier of the premises where appellant was injured. *Strickland v. ITT Rayonier*, supra; *Higginbotham v. Winborn*, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Faye D. LeVine, Kenneth Behrman*, for appellant.
*Malcolm S. Murray*, for appellee.