A95A1690. BAXTER v. MELTON.
(463 SE2d 53)

ANDREWS, Judge.

After Melton's vehicle struck the rear of Baxter's vehicle, Baxter sued Melton for damages claiming that Melton's negligent operation of his vehicle caused the accident. A jury returned a verdict in favor of Melton, and Baxter appeals from the judgment entered on the verdict.

The only issue on appeal is whether the trial court erred by refusing to allow the police officer who investigated the accident to give his expert opinion that Melton was driving too fast for conditions at the time of the accident.

When the opinion at issue was proffered, the police officer had already testified that Melton told him he was traveling about 40 mph at the time of the accident. The officer had further testified that the estimated speed of 40 mph "could fluctuate five miles an hour either way." The officer also had testified that, although the speed limit was 45 mph, the maximum safe speed at the time of the accident would have been "between thirty and thirty-five miles an hour" given the limited visibility and wet conditions. When asked whether he thought Melton could have avoided the accident had he been traveling between 30 and 35 mph, the officer testified that he was not sure and that "it would all be a guess." Melton later testified that he was traveling about 30 mph when he came over a rise in the road in heavy rain and saw Baxter stopped in the road ahead of him. He testified that he applied his brakes but was unable to stop his vehicle in time

to avoid the accident.

Although the trial court made no express ruling that the officer was an expert in accident investigation and reconstruction, the court implicitly recognized the officer as an expert in sustaining the objection at issue. See *Stewart v. State*, 246 Ga. 70, 75 (268 SE2d 906) (1980); *Howard v. State*, 177 Ga. App. 589, 590 (340 SE2d 212) (1986). We find no error in the trial court's refusal to allow the officer to offer his expert opinion that Melton was traveling too fast for conditions at the time of the accident.

The issue is not whether the officer's opinion would have invaded the province of the jury on the ultimate issue of negligence in the case, but whether under the circumstances the subject was a proper one for opinion testimony. "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. . . . However, it is equally clear that the scope of what is admissible as expert opinion testimony is not unlimited. It is the established rule in Georgia, that where (a) the path from evidence to conclusion is not shrouded in the mystery of professional skill or knowledge, and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony. A party may not bolster his [case] as to the ultimate issue with expert testimony when the jury could reach the same conclusion independently of the opinion of others." (Citations and punctuation omitted.) *Clanton v. Von Haam*, 177 Ga. App. 694, 695-696 (340 SE2d 627) (1986).

Here, the officer testified as to his observations at the scene of the accident, testified that Melton's vehicle was traveling between 35 and 45 mph, and testified that the maximum safe speed for any vehicle under the conditions prevailing at the time of the accident was 30 to 35 mph. "Where . . . it is possible for . . . the jury to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then . . . it [is] their province, their right and duty, to form their own conclusions as to the ultimate fact of negligence, uninfluenced by the opinion of the [expert] witness." (Citations and punctuation omitted.) *Cone v. Davis*, 66 Ga. App. 229, 236 (17 SE2d 849) (1941). The jurors were fully capable of considering the evidence and drawing their own conclusions as to the ultimate fact of negligence, including whether or not Melton was traveling too fast for conditions, without the aid of the expert opinion. See *Emory v. Dobson*, 206 Ga. App. 482, 483-484 (426 SE2d 50) (1992); *Cone*, supra at 234-236.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur*

*in the judgment only.*

Decided October 13, 1995.

*Craig T. Jones*, for appellant.
*Downy & Cleveland, Russell B. Davis*, for appellee.