A97A2560. PADGETT v. THE STATE.
(498 SE2d 84)

POPE, Presiding Judge.

During a bench trial, defendant John Lee Padgett was convicted of driving under the influence of alcohol to the extent that he was a less safe driver. OCGA § 40-6-391 (a) (1). On appeal, defendant contends that the evidence against him was insufficient to warrant his conviction and that the trial court erred in granting the State's motion in limine to exclude expert testimony regarding two field sobriety tests defendant took prior to being arrested. Finding no merit to either contention, we affirm.

Construed to support the verdict, the evidence shows that during the early morning hours of April 3, 1996, Forest Park Police Officer Shipp was patrolling Jonesboro Road when he noticed defendant's truck in front of him. While pacing the truck for approximately one mile, Shipp observed defendant weave outside both the left and right lines of his lane of traffic. On two occasions, defendant also completely switched between two lanes of traffic without signalling. Based on the above, Shipp pulled defendant over. Upon doing so,

Shipp observed that defendant had to steady himself on the door of his truck to keep his balance while exiting the truck. While talking to defendant, Shipp further observed that defendant was unsteady on his feet and had a strong odor of alcoholic beverage on his breath and person. Defendant also had red eyes and slurred speech, and admitted that he had had a few beers on an empty stomach and no sleep in approximately 21 hours.

Subsequently, Shipp asked defendant to take several voluntary field sobriety tests. After determining that defendant had a college education and knew the alphabet, Shipp specifically asked defendant to recite the alphabet. When defendant attempted to do this, he spoke quickly and made a mistake after "p." From that point on, defendant spoke in an incomprehensible fashion. Next, defendant was asked to count backwards from 64 to 49. In attempting this, defendant made a mistake, and after doing so, cussed, then apologized. Thereafter, defendant never completed the countdown. Defendant also blew into an alco-sensor which indicated the presence of alcohol in his breath.[1] And throughout Shipp's investigation, defendant repeatedly interrupted Shipp, asking him to give defendant a break.

After the field sobriety tests, Shipp arrested defendant and immediately advised him of his implied consent rights. He then transported defendant to the police station where defendant initially agreed to take a breath test after again being advised of his implied consent rights. The first attempt to test defendant was invalid due to mouth alcohol. Consequently, Shipp advised defendant that he would be given a second test in approximately 20 minutes. After waiting 20 minutes, however, defendant refused to take a second test.

At trial, based on all of his observations and his law enforcement experience, which included over three years on the DUI Task Force and 570 DUI arrests, Shipp opined that defendant was under the influence of alcohol to the extent he was a less safe driver at the time of his arrest.

1. In light of the above, any rational trier of fact could have concluded that defendant was guilty beyond a reasonable doubt of the crime for which he was convicted. See *Simms v. State*, 223 Ga. App. 330 (477 SE2d 628) (1996); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We reject defendant's contention that the trial court erred in granting the State's motion in limine to exclude expert testimony regarding the general import that should be placed on the results of

---

[1] In addition to the above tests, defendant also took the horizontal gaze nystagmus test. Shipp, however, did not testify at trial regarding any results of that test, but merely indicated that he had looked at defendant's eyes while holding a pen in his hand.

the "alphabet" and "number countdown" field sobriety tests given to defendant. Such tests constitute "dexterity exercises that common sense, common experience, and the 'laws of nature' show are performed less well after drinking alcohol. [And the] physical manifestations of impairment, which [may accompany the taking of tests like this, can] be as obvious to the layperson as to the expert." (Citations omitted.) *Hawkins v. State*, 223 Ga. App. 34, 36 (1) (476 SE2d 803) (1996). See *State v. Pastorini*, 222 Ga. App. 316, 318-319 (2) (474 SE2d 122) (1996). Accordingly, assessment of defendant's performance on the dexterity tests at issue in this case, and the import to be placed on that performance, was not beyond the ken of an average layman or trier of fact. Therefore, expert testimony on the subject was not warranted, and the trial court did not err in granting the State's motion in limine to exclude such testimony. See *Williams v. State*, 254 Ga. 508, 510-511 (2) (330 SE2d 353) (1985); *Baxter v. Melton*, 218 Ga. App. 731 (463 SE2d 53) (1995).

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED FEBRUARY 19, 1998 ▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*William C. Head*, for appellant.
*Keith C. Martin, Solicitor, Rebecca G. Simpson, Assistant Solicitor*, for appellee.