## A06A0179. HADDEN et al. v. ARE PROPERTIES, LLC et al.
### (633 SE2d 667)

ANDREWS, Presiding Judge.

Amanda Stone Hadden, on behalf of herself and her three children by Frank Henry Parker, and as administrator of Parker's estate, appeals from the trial court's grant of summary judgment to ARE Properties, LLC, Ralph Trapnell d/b/a Morgan Lake Hunting & Fishing Club (the Club), Trapnell individually, and Bob King[1] on premises liability and negligence claims resulting from the accidental shooting death of Parker on the Club's property.

Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal from a grant of a motion for summary judgment, we review the evidence de novo to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Burdick v. Govt. Employees Ins. Co.*, 277 Ga. App. 391 (626 SE2d 587) (2006).

So viewed, the evidence was that Trapnell, with his mother and sister, formed ARE Properties, LLC, and it owned the property where the Club operated. Trapnell hired King to run the Club in 1995. In addition to selling hunting and fishing permits, King also handled renting lots on the property for mobile homes. When King went to another ARE property to work, Hadden began working in the office at the Club, selling permits and renting lots. She, Parker,[2] and their children also lived in a trailer on the property.

Hunters at the Club were given a Department of Natural Resources pamphlet regarding hunting rules and regulations when they purchased their permits. No trespassing and members only signs were placed on the property, although they were frequently torn down.

---

[1] Claims against Larry Shane Moody and Gary Christopher Poppell, who shot Parker, remain pending below.

[2] The record indicates that Hadden and Parker were in a common-law marriage. OCGA § 19-3-1.1.

Parker did not have a hunting permit for the Club but, because he was a friend of King, he was allowed to hunt on the property without one. Around dusk on the evening of November 5, 2001, Parker had gone into the woods to retrieve a buck he had shot earlier. Earlier that afternoon, Moody and Poppell had driven to Jesup to buy boat oil in order to go shrimping that night. They had no plans to go hunting that day. As they were returning from Jesup, Moody, driving Poppell's jeep, drove to look at a new boat ramp which had been built at the River Bridge. As they were leaving the ramp, Moody told Poppell he wanted to show him a place where Moody had helped a man drag a big buck out of the woods.

Moody drove off the highway and onto a dirt trail on Club property. He then drove around a dredged pond to the wooded area where he had helped with the buck. Moody was showing Poppell the area when they heard "something just busting bushes real loud." Poppell yelled at Moody to stop the jeep. When Moody stopped, Poppell jumped out, grabbed his rifle from the back of his jeep, went around to the rear of the jeep and fired. When Moody and Poppell went to find what they believed to be a deer, they found Parker shot. Parker, dressed in khaki pants and a camouflage shirt, had his rifle with him but was not wearing the orange vest required by hunting regulations. Parker died from his wounds.

Although Moody had a Club hunting permit on that day, he did not have his hunting rifle with him. Poppell did not have a hunting permit from the Club. The evidence regarding whether one holding a permit could have a guest at the Club was that *only* a spouse or child was permitted to be a guest. Trapnell and King were not on Club property at the time of the shooting.

In two enumerations of error, Hadden argues that the trial court ignored material issues of fact demonstrating the foreseeability of an accidental shooting as a result of the defendants' negligence and that the trial court erred in concluding that a third-party criminal act was the proximate cause of Parker's death.

1. We first consider Parker's status while on Club property. As set out above, Parker had no permit to hunt, but was allowed to hunt on the property without a permit because he was a friend of King.

> By definition, a licensee is one who is not a customer, a servant, or a trespasser, who does not stand in any contractual relation with the owner of the premises, and is permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification. OCGA § 51-3-2. The landowner or occupier of the premises owes a duty to a licensee only to avoid knowingly letting him run upon a hidden peril or wilfully causing him harm. *Patterson v.*

*Thomas*, 118 Ga. App. 326, 327 (163 SE2d 331) (1968); see *London Iron &c. Co. v. Abney*, 245 Ga. 759, 761 (2) (267 SE2d 214) (1980).

*Mansfield v. Colwell Constr. Co.*, 242 Ga. App. 669, 671 (530 SE2d 793) (2000). See also *Collins v. Glover*, 273 Ga. App. 352, 353 (615 SE2d 194) (2005); *Spear v. Calhoun*, 261 Ga. App. 835, 837 (1) (584 SE2d 71) (2003).

The arguments made by Hadden are premised on Parker's being an invitee and are not supported by the evidence in the record here. There is nothing in the record to indicate that the Club, Trapnell, or King did anything to wilfully cause Parker harm and therefore Hadden has failed to show any breach of duty by them regarding Parker.

Hadden argues that the affidavit of her expert, Jan Dillard, is enough to create an issue of fact regarding the foreseeability of a shooting on Club premises and, therefore, enough to survive summary judgment. Although a motion to strike that affidavit was filed below by appellees, there is no specific ruling on it contained in the record. Exercising our de novo review, we conclude that the affidavit was inadmissible.

Dillard, an instructor and course designer for Venture Outdoors, which provided instruction to the public on firearms and hunting, opined on the standard of care required of hunters in Georgia and on the standard of care exercised by reasonable hunting club owners and operators in Georgia, and how the Club failed to meet these standards.

> " 'Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. . . . However, it is equally clear that the scope of what is admissible as expert opinion testimony is not unlimited. It is the established rule in Georgia, that where (a) the path from evidence to conclusion is not shrouded in the mystery of professional skill or knowledge, and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony. A party may not bolster his (case) as to the ultimate issue with expert testimony when the jury could reach the same conclusion independently of the opinion of others.' (Cit.)" *Baxter v. Melton*, 218 Ga. App. 731, 732 (463 SE2d 53) (1995) (physical precedent only).

*Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (b) (489 SE2d 99) (1997) (expert testimony not required to determine foreseeability of a shooting in a shopping center parking lot). See also *Sotomayor v. Tama I, LLC*, 274 Ga. App. 323, 326 (1) (617 SE2d 606) (2005) (physical precedent only) (expert testimony not required regarding duty of landlord to install barrier curbs in apartment parking lot); *Rios v. Norsworthy*, 266 Ga. App. 469, 473-474 (2) (597 SE2d 421) (2004) (expert opinion not admissible to determine whether professional truck driver exercised ordinary care to discover and avoid collision with car passing it).

Similarly, there was no need for expert testimony to determine whether Trapnell and King exercised ordinary care in running the Club, even if they were to be held to the standard of care due to an invitee, which Parker was not.

Although the trial court's order does not specifically resolve Parker's status and any duty owed him as a result, but goes directly to considering the intervening proximate cause of Poppell's shooting of Parker, we affirm a judgment of a lower court so long as it is right for any reason. *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41 (586 SE2d 235) (2003); *Scott v. Joe Thomson Auto &c.*, 257 Ga. App. 453, 455 (2) (571 SE2d 475) (2002).

Therefore, there having been no showing of wilful or wanton conduct by any of the appellees, grant of summary judgment to them on this ground was appropriate.

2. Regarding Hadden's second enumeration, we conclude that the trial court correctly determined that, even if Parker had been an invitee, there was no showing that any breach of ordinary care by the Club, Trapnell, or King was the proximate cause of the shooting in light of the intervening illegal act of Poppell.

The evidence here was that there had never been an accidental shooting of one hunter by another on the Club's property. Therefore, there was no basis for concluding that the Club, Trapnell, or King should have foreseen Poppell's act of coming onto the property and illegally shooting at a target which he could not identify. E.g., *Dolphin Realty v. Headley*, 271 Ga. App. 479, 481 (1) (610 SE2d 99) (2005); *Spear v. Calhoun*, supra at 837 (1); *Habersham Venture v. Breedlove*, 244 Ga. App. 407, 410 (1) (535 SE2d 788) (2000).

Therefore, the grant of summary judgment to the Club, Trapnell, and King was correct.

*Judgment affirmed. Bernes, J., concurs. Barnes, J., concurs specially.*

BARNES, Judge, concurring specially.

While I agree with the result reached in this case, I do not agree with all that is said. The decedent was clearly a licensee on the

hunting club property, and it was not error to grant summary judgment to these defendants. *Strickland v. ITT Rayonier, Inc.*, 162 Ga. App. 317 (291 SE2d 396) (1982).

However, while an expert cannot testify as to the ultimate conclusion in a case or about matters within the average layman's understanding, I am not convinced that this particular affidavit falls within either of these categories such that it is inadmissible.

I note that two of the cases cited in the majority, *Sotomayor v. Tama I, LLC*, 274 Ga. App. 323 (617 SE2d 606) (2005) and *Baxter v. Melton*, 218 Ga. App. 731 (463 SE2d 53) (1995), are physical precedent only, as is this opinion. Therefore, this opinion decides only the issues in this case and may not be cited as binding precedent.[3]

DECIDED JULY 7, 2006.

*Gorby, Reeves & Peters, Michael J. Gorby, Gary A. Bacon*, for appellants.

*Smith & Jenkins, Wilson R. Smith*, for appellees.

---

[3] "Judgment as Precedent. A judgment in which all judges of the Division fully concur is a binding precedent; if there is a special concurrence without a statement of agreement with all that is said in the opinion or a concurrence in the judgment only, the opinion is a physical precedent only. . . ." Court of Appeals Rule 33 (a).