## 75048. PHILLIPS v. LINDSEY.
(362 SE2d 491)

BENHAM, Judge.

Appellant Phillips was injured when she was attacked by a dog owned by appellee Lindsey in Lindsey's home. Appellant filed suit against appellee, alleging he was negligent in failing to restrain, muzzle, or confine the dog in light of his knowledge that the animal had previously bitten someone. The trial court granted summary judgment in favor of appellee, concluding that appellant was appellee's social guest whose knowledge of the dog's aggressive nature was equal to that of appellee. Appellant seeks reversal of the judgment entered.

Appellant maintains the grant of summary judgment was inappropriate because the facts presented a question of fact concerning her legal status. The trial court concluded that appellant was a licensee because she was a social guest. However, there was evidence that appellee asked appellant to enter his home to perform a service for him, i.e., to look over a jury questionnaire he had received, and there was evidence that appellant was performing the task requested by appellee at the time she was injured. Construing as we must on summary judgment the evidence in favor of the nonmovant, there was evidence that appellant was an invitee. *Sutton v. Sutton*, 145 Ga. App. 22, 24 (243 SE2d 310) (1978). Appellee, therefore, may be liable to appellant/invitee "for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA §

51-3-1.

"[T]o prevail on motion for summary judgment, the defendant in such a case, as movant, has the burden of proof and thus must establish the absence of such superior knowledge [of the existence of the hazardous or defective condition on his premises] on [his] part, with all doubts and conflicts in the evidence being resolved in favor of the plaintiff. [Cits.] Although the plaintiff-appellant in the present case was obviously well aware of the existence of the [dog] . . . , it does not follow that she was fully aware, as a matter of law, of the full extent of the danger involved. It has repeatedly been held that 'mere knowledge' of the existence of a dangerous or defective condition does not necessarily constitute 'full appreciation of the risk involved.' [Cits.] . . . The appellee, on the other hand, may reasonably be presumed to have had at least constructive knowledge of the [dog's vicious propensities] and the danger presented thereby, since it was [his dog]. [Cits.] It is well-settled that issues of negligence, diligence, contributory negligence, proximate cause, and assumption of risk are not to be decided by the court as a matter of law except in plain and indisputable cases. [Cit.] The evidence of record in the present case does not establish indisputably that the appellant's knowledge of the danger involved . . . was equal to or greater than the appellee's. Consequently, the trial court erred in granting the appellee's motion for summary judgment." *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477) (1986).

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 3, 1987.

*Robert L. Herman, David A. Sleppy*, for appellant.
*Samuel A. Murray*, for appellee.