### A89A2272. HALIBURTON v. COLE et al.
#### (389 SE2d 13)

DEEN, Presiding Judge.

Richard Haliburton brought suit on behalf of his son Preston against Sunset Hills Country Club, Inc., for injuries that the five-year-old child sustained when he slipped from the second rung of a ladder leading to the high diving board and struck his head on a concrete deck. The country club brought Melissa Cole, the adult who brought Preston to the pool, into the case as a third-party defendant. Haliburton appeals from the grant of summary judgment against him.

1. Appellant contends that he was an invitee upon the country club's premises, as defined in OCGA § 51-3-1, although he was an invited social guest of Mrs. Cole, and that the defendant owed him a duty of ordinary care to keep the premises safe. Mrs. Cole was a paying member of the club, and according to club policy, had to pay guest privileges of $2 per guest for use of the pool. In her deposition, she testified that pool users had to sign in to use the pool and list their guests in a separate column. The members were billed monthly for their guests and "that's how the pool made their money." Appellee claims that appellant was a licensee to whom it owed only the duty of ordinary care not to willfully and wantonly injure him after his presence on the premises was known.

"[W]hether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner (or tenant) of the premises. If the relation solely benefits the person injured, he is at most a licensee." *Chatham v. Larkins,* 134 Ga. App. 856, 857 (216 SE2d 677) (1975); *Strickland v. ITT Rayonier,* 162 Ga. App. 317 (291 SE2d 396) (1982).

Construing the evidence against the movant and giving the plaintiff the benefit of all reasonable doubts and favorable inferences that can be drawn from the evidence, *Fiumefreddo v. Scudder,* 252 Ga. 279, 285 (313 SE2d 683) (1984), we find that a jury could find that the plaintiff was an invitee to whom the defendant owed a duty of ordinary care.

2. Appellant next claims that the country club failed to exercise ordinary care to keep its premises safe. We have examined all the

evidence presented on the motion for summary judgment and find that appellant has presented no proof that the ladder in question was defective. The club manager and lifeguard testified that it was inspected on a regular basis and that it was inspected shortly after the incident in question and not found to be defective in any way. The child's father testified that he found approximately 1/4" play in the ladder when he checked it in the month following the accident, but there was no testimony that such a small amount of movement was a hazard. The father claimed that strips of non-skid material on the ladder railings were worn, but there was no testimony that such strips should be attached to the railings or that they are required by any safety regulation. Other testimony indicated that the ladder steps were constructed of stamped, corrugated steel in a ribbed pattern. Once again, no regulation or expert testimony was presented to support an argument that a different type of mat should have been present on the ladder steps. The club regularly inspected the ladder and railing, and no complaints about it had ever been filed by pool users.

The incident involving another child falling at the pool was mere hearsay, as none of the persons deposed had any personal knowledge of the incident. It is not known if she slipped and fell while running on the concrete deck or from the ladder to the high diving board. This alleged incident did not place the club on notice of any defect or hazard connected with the diving board ladder.

Any allegation that the pool was improperly supervised must also fail. A lifeguard was on duty scanning the pool when the accident occurred. The child climbed the first two steps of the ladder and fell during the few seconds the lifeguard was scanning the shallow end of the pool. In *Wren v. Harrison*, 165 Ga. App. 847 (303 SE2d 67) (1983), this court held that the duty to supervise the child rested with its parents, as they were familiar with the premises and the child's limitations. The child here was accompanied by an adult who was responsible for his supervision. The trial court did not err in granting the country club's motion for summary judgment.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 4, 1989.

*Rand & Ezor, Robert R. Ezor, Andrew Shaul*, for appellant.
*Bentley, Karesh, Seacrest & Lobovitz, Gary L. Seacrest, Jean F. Johnson, Sam F. Lowe, Edwin A. Tate*, for appellees.