## A92A0631. WALTERS v. MABLETON WHOLESALE COMPANY, INC.
(420 SE2d 354)

Cooper, Judge.

Appellant brought suit against appellee for injuries sustained in a fall from a ramp maintained by appellee on its loading dock. In his complaint, appellant alleged that the configuration of the loading dock was unconventional because its floor did not conform to the standard height of trucks used by appellant's employer and other standard trucking companies. To facilitate the use of wheeled carts in the unloading of goods, a portable metal ramp was used to bridge the gap between the dock and delivery trucks. Appellant contends that he was completing his delivery when he stepped onto the ramp and it slipped away from the truck, causing him to slip and land heavily on the edge of the delivery truck. After appellant's deposition was taken, appellee moved for summary judgment, invoking the "superior/equal knowledge rule." The trial court granted appellee's motion, and this appeal followed. In his sole enumeration of error, appellant contends

the trial court erred in granting summary judgment in favor of appellee.

In support of its motion for summary judgment, appellee argued that appellant's deposition testimony demonstrated that appellant's knowledge was equal or superior to appellee's knowledge of the ramp. In his deposition, appellant testified that he delivered goods to the loading dock on at least eight occasions prior to his injury; that appellant was always responsible for unloading his cargo and often unloaded alone; that appellant made between five and ten trips across the ramp to unload his cargo immediately prior to his accident; that several months before the accident, appellant reported the height difference and the absence of restraints to his supervisor as well as his observation that the ramp did not look safe; that appellant was instructed by his supervisor to do the best he could and to be careful; and that appellant made other deliveries to appellee after complaining to his supervisor. On the other hand, appellant contends that he was not aware that the ramp would shift while in use; that such shifting could lead to a collapse; and that appellee failed to warn appellant. In addition, appellant submitted the affidavit of another delivery man who averred that at an earlier time while he was in the process of making a delivery, the ramp slipped and collapsed causing him to stumble and nearly fall and that the incident was witnessed by at least one of appellee's employees. Appellant argues that such evidence demonstrates that appellee and its employees were aware of the tendency of the ramp to shift.

" 'We have stated the rule many times with respect to defects, foreign substance on floors, and static dangerous conditions, that "(t)he basis of the proprietor's liability is his superior knowledge and if his invitee (or licensee) knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee or licensee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. (Cits.) [Cits.]" *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240 (1) (390 SE2d 248) (1990). " 'The superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care. [Cit.]' " Id. at 242. In addition to the testimony discussed above, appellant testified that the ramp was a "homemade dock plate," not a Department of Transportation regulation dock plate which would have contained the proper restraints to prevent its movement while in use and that all of the other places where appellant made deliveries had such dock plates. When asked if he tested the ramp to make sure it was secure prior to the accident, appellant replied that he looked at the ramp and that it never looked secure. In

our view, the evidence demonstrates that this is not a case of a general hazard of which appellant was unaware but of which appellee was aware. Appellant "was well aware of the condition of the ramp and his knowledge was, or at least should have been, equal to that of [appellee]. (' "An invitee is under an equal duty with the owner to use (his) sight to discover any defect or dangers. (Cits.)" [Cit.]' [Cit.])" *Harmon v. Reames*, 188 Ga. App. 812, 814 (374 SE2d 539) (1988). Moreover, "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 25, 1992.

*Albert B. Wallace*, for appellant.
*Joe O'Connor*, for appellee.