A92A1106, A92A1107, A92A1108. TAYLOR v. McCLENDON (three cases).

(422 SE2d 440)

JOHNSON, Judge.

Betty Jo Taylor brought suit against John S. McClendon, Jr., individually and on behalf of her two minor children, Michael Taylor and Kimberly Taylor in separate actions for damages sustained as a result of a rear-end automobile collision. The three cases were consolidated by consent and a jury returned a verdict in favor of McClendon in all three actions. Motions for a new trial were denied. Taylor appeals.

## Case No. A92A1106

1. Having reviewed the entire record in this case, we find that the evidence supports the judgment, that no reversible error of law appears, and an opinion would have no precedential value. Therefore, the judgment is affirmed in accordance with Court of Appeals Rule 36.

## Case Nos. A92A1107 and A92A1108

The enumerations of error and argument asserted in these two cases are identical. Therefore they will be treated together.

2. Taylor asserts on behalf of both of her minor children that the trial court erred in refusing to grant their motions for directed verdict on the issue of liability. It is argued that since no negligence can be imputed to a child passenger, the children were entitled to a directed verdict on the issue of liability. Taylor relies on *Fallaw v. Hobbs*, 113 Ga. App. 181 (147 SE2d 517) (1966) which held "[T]he negligence of a parent in driving an automobile in which the child is riding cannot be imputed to the child. (Cits.)" Id. at 182. It does not follow, as Taylor argues, that McClendon was liable simply because Michael or Kimberly were not negligent. If the defendant was shown to be negligent it might be possible to assert that the mother-driver's comparative negligence should not reduce an award to either of the children, but that is not the argument here on appeal. Taylor's argument overlooks the principle that liability in tort does not arise unless there is present *both* negligence *and* proximate cause. While the mother's negligence could not be imputed to her children as guest passengers for contributory negligence purposes, the jury could well conclude from the evidence in this case that her negligence was the sole proximate cause of the children's injuries, thereby precluding their recovery against McClendon. "Questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving

them, except in plain and indisputable cases. (Cit.)" *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895) (1987). In *Atlanta Coca-Cola Bottling v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976) the Supreme Court held: "In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence and proximate cause. The history of the decisions of the Court of Appeals in this type of case since 1965 convinces us that these issues should be resolved . . . by the jury and not by trial and appellate judges." Id. at 451. The trial court properly denied the motions for a directed verdict and allowed the issue of McClendon's liability to go to the jury.

3. Taylor asserts that it was error to charge the jury on the theories of avoidance and negligence in connection with either of the children's claims. A careful review of the record reveals that the trial court took special care to instruct the jury with regard to avoidance that "[N]o duty devolves upon a guest passenger who has no right or duty to control the operation of the automobile . . ." and further, "[n]egligence of Mrs. Taylor which bars her recovery under this rule (comparative negligence) does not bar recovery of guests in her car, provided they are otherwise entitled to recover." Therefore we find that the trial court correctly and distinctly charged the jury with respect to the children's claims.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Jack F. Witcher, Maryellen S. Mitchell,* for appellant.
*Downey, Cleveland, Parker & Williams, G. Lee Welborn,* for appellee.