A93A1506. RILEY et al. v. BRASUNAS et al.
(438 SE2d 113)

COOPER, Judge.

Sean Riley through his parents and next friends, brought his tort action against appellee-defendants, the Brasunases and their 15-year-old son, Tony, seeking to recover for injuries sustained when Sean fell in the basement of the Brasunases' home. After a period of discovery,

appellees moved for summary judgment. This motion was granted by the trial court and appellants bring this direct appeal.

Viewed in the light most favorable to the non-movants, the evidence adduced in support of appellees' motion would authorize the following facts: Deborah Longo and her seven-year-old son Sean Riley were out-of-town guests in the Brasunases' residence. The two mothers were planning a joint family vacation to Florida. On the evening of their arrival in Atlanta, Sean Riley and nine-year-old Michael Brasunas were playing in the Brasunases' basement. Their game consisted of using a mini exercise trampoline to jump up to a chin-up bar placed in a doorway, swinging from the bar, and landing in the next room. Ms. Longo witnessed this activity and, being concerned for his safety, admonished Sean to stop after seeing blisters on his hand. Nevertheless, the boys performed this feat twice more that night without incident. Sean knew that he could hurt himself if he fell from the trampoline or chin-up bar. The next morning, Ms. Longo and Mrs. Brasunas were leaving the house to go shopping. Ms. Longo told Sean he was not to jump from the trampoline to the chin-up bar but that he could use the trampoline. She moved the trampoline to the middle of the room and away from the door. On "implied" instructions from his mother, Tony Brasunas was placed "in charge" while the adults were gone. Ms. Longo never discussed with Tony Brasunas the extent of any responsibilities under this charge and never expected to pay him for watching the younger boys. Rather she "just assumed that Tony would be home and watch both of the boys while we went shopping." Tony was not watching the boys, who began jumping from the trampoline. Sean slipped from the chin-up bar and fell, hitting his head.

1. Appellants first contend that James and Lynne Brasunas were liable for a dangerous and defective condition on their property. Although premises liability was alleged pursuant to OCGA § 51-3-1, whereby the owner or occupier of land owes a duty of ordinary care to its *invitees*, the undisputed facts reveal that Ms. Longo and her son were merely social guests in the Brasunas residence. As social guests, appellants were licensees and not invitees. "The law of Georgia and the decisions of this court hold that a social guest in a defendant's private home is a bare licensee [even though he was expressly invited]. [Cits.]" *Bryant v. Rucker*, 121 Ga. App. 395 (173 SE2d 875) (1970). See also *Laurens v. Rush*, 116 Ga. App. 65, 66 (156 SE2d 482) (1967). The fact that a joint family social trip for their mutual personal benefit was being planned while appellants were guests in appellees' private residence would not elevate their status from that of licensee to an invitee. Appellants' reliance upon *Frankel v. Antman*, 157 Ga. App. 26 (276 SE2d 87) (1981) is misplaced, for the visitor there, a member of a charitable committee, was not a social acquain-

tance of the hostess but was present solely for the purpose of attending an organizational meeting. "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b).

"However, this duty does not arise with respect to a mere statical condition of the premises. [Cit.] As to such condition, the owner or occupant owes no greater duty to the licensee whose presence is known than to any other licensee, and this is not to wilfully or wantonly injure him. [Cits.] Further, there is no duty to a licensee with respect to keeping the usual condition of the premises up to any particular standard of safety except that they must not contain a pitfall or mantrap. [Cit.]" *Bronesky v. Estech, Inc.*, 170 Ga. App. 724, 725 (318 SE2d 194) (1984). The use of the trampoline in conjunction with the chin-up bar in appellees' basement was not a mantrap within the meaning of the rule of liability as to a youthful licensee whose presence is actually known to the owner. See *Crosby v. Savannah Elec. &c. Co.*, 114 Ga. App. 193, 198-201 (3) (150 SE2d 563) (1966). Compare *McKinsey v. Wade*, 136 Ga. App. 109 (4) (220 SE2d 30) (1975). Liability under "[t]his rule, of course, presupposes that the licensees do not know or have reason to know of the risks involved. [Cits.]" *Wren v. Harrison*, 165 Ga. App. 847, 849 (303 SE2d 67) (1983).

Here, the obvious risk involved in the game invented by the boys was falling and hurting oneself. The dangers associated with fire, falling from heights, and from water are said to be normally understood by young children absent other factors creating additional risks of harm. See *Gregory v. Johnson*, 249 Ga. 151, 154 (289 SE2d 232) (1982); *McCall v. McCallie*, 48 Ga. App. 99, 100 (1) (171 SE 843) (1933). " 'No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. Certainly a normal child [of] nearly [seven] years of age . . . knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt.' " *Augusta Amusements v. Powell*, 93 Ga. App. 752, 757 (92 SE2d 720) (1956). While it is recognized that " 'children of tender years and youthful persons generally are entitled a degree of care proportioned to their ability to foresee and avoid the perils that may be . . . encountered,' [cit.], this rule must be considered in the light of the fact that even young children have a natural fear of water, fire and heights (cit.). . . ." *Higginbotham v. Winborn*, 135 Ga. App. 753, 757 (2) (218 SE2d 917) (1975). The undisputed evidence of record shows that Sean knew of and appreciated the possible danger of injury to himself if he fell from the trampoline or slipped from the chin-up bar. This evidence demands a finding that the elder Brasunas did not wilfully, wantonly, or recklessly lead Sean into a hidden peril on the premises of their private residence and so did not breach the duty of care owed to their social guest. See *Walker v. Reed*, 180 Ga.

App. 165 (348 SE2d 707) (1986). Accordingly, the trial court correctly granted appellees' motion for summary judgment.

2. A separate claim against Tony Brasunas was made, alleging that he failed in his duty as the custodian of the two young boys. The evidence in support of the existence of a duty on his part is that he was "impliedly" instructed by his mother that he was "in charge" and was to "watch over" the younger boys.

" 'When a person undertakes to control and watch over a young child, even without compensation, he becomes responsible for injury to the child through his negligence, and his duty to use reasonable care to protect the child is not measured by what his duty would have been to a social guest or licensee. [Rather], the measure of duty . . . is to be gauged by the standard of the [ordinary] responsible [guardian]; such person is not an insurer of the safety of the child and has no duty to foresee and guard against every possible hazard.' [Cit.]" *Laite v. Baxter*, 126 Ga. App. 743, 745-746 (2) (191 SE2d 531) (1972). The undisputed evidence of record reveals that Sean knowingly assumed the risk of possible injury. The obviousness of the very danger which led to Sean's injuries makes this action one of those cases in which a minor below the age of 14 may be deemed to have assumed the risk as a matter of law. *Abee v. Stone Mtn. Memorial Assn.*, 252 Ga. 465, 466 (314 SE2d 444) (1984). Any failure of Tony to "watch over" the boys cannot be the proximate cause of Sean's injuries, for the latter's knowing exposure of himself to danger is a bar to recovery. *Laite v. Baxter*, supra at 749 (2). See also *Fagan v. Atnalta, Inc.*, 189 Ga. App. 460, 461 (376 SE2d 204) (1988). The trial court correctly granted Tony Brasunas' motion for summary judgment.

*Judgments affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 27, 1993 —
RECONSIDERATION DENIED NOVEMBER 12, 1993

*Curtis A. Thurston, Jr., Maurice J. Bernard III*, for appellants. *Sharon W. Ware & Associates, Robin P. Lourie*, for appellees.