A94A1024. BARNES et al. v. FULTON.
(446 SE2d 213)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of a motion for summary judgment in favor of appellee Thomas Fulton in an action for damages brought by the appellants, Charles and Wanda Barnes, individually, and as next friend of their minor daughter Sheree, who was injured while playing on a trampoline on Fulton's premises. The Barneses maintain that material issues of fact remain for jury resolution as to whether Fulton exercised the requisite degree of care to prevent their daughter's injury.

The record, viewed in the light most favorable to the nonmovants, the Barneses, shows that as recently as two or three days prior to July 5, 1990, Sheree, a fourth-grader, visited Fulton's home and played on the trampoline with Adam, Fulton's son. The Fultons' home was located up the street from where the Barneses lived. During this visit, Sheree jumped on the trampoline with Adam without incident although this was her first time on a trampoline. The circular trampoline contained padding on the springs and was large enough to accommodate three or four individuals.

At approximately 7:00 p.m. on July 5, 1990, Sheree walked over

to Fulton's home to visit with Adam who was outside alone. Fulton subsequently arrived outside and began raking leaves in front of the home. Sheree did not say anything to Fulton during or after her visit. She talked with Adam for approximately five minutes and afterwards the two children proceeded to the left side of the house where the trampoline was located in a leveled area. Sheree admitted in her deposition that the trampoline was not broken and was not a dangerous apparatus.

Initially, she and Adam performed flips on the ground near the trampoline and afterwards, the two took turns jumping on the trampoline. Although she admitted in her deposition that she was apprehensive about performing flips on the trampoline " 'cause [she] didn't know if [she] was going — if it was going to turn out right, if [she] was going to hurt [her]self or not,' " she did not ask Adam to request that someone stand around the trampoline to catch her if she fell. Sheree performed her initial flip on the trampoline while Adam bounced on it, and subsequently fell on her buttocks. During her next attempt, she fell on her right arm in the middle of the trampoline, fracturing the arm. She did not inform Fulton of her injury as she left the premises but she deposed that Fulton was able to see her at the time of her fall.

It is undisputed that Sheree occupied the status of a licensee at the time that she sustained her injury, and under Georgia law, "[a] landowner is not an insurer of the safety of those who venture upon his land whether they are in trespasser, licensee or even invitee status." *Wade v. Mitchell*, 206 Ga. App. 265, 267 (424 SE2d 810) (1992). " 'One's status as a trespasser, licensee or invitee is not determined by his age or his capacity, mental or physical.' [Cit.]" *Gregory v. Johnson*, 249 Ga. 151, 153 (289 SE2d 232) (1982).

Generally, " '[t]he owner of the premises is liable to a licensee only for willful or wanton injury.' OCGA § 51-3-2 (b)." *Riley v. Brasunas*, 210 Ga. App. 865, 867 (438 SE2d 113) (1993). However, "[l]iability under '(t)his rule, of course, presupposes that the licensees do not know or have reason to know of the risks involved. (Cits.)' [Cit.]" Id. "Here, the obvious risk involved in the [use of a trampoline] was falling and hurting oneself. The dangers associated with fire, falling from heights, and from water are said to be normally understood by young children absent other factors creating additional risks of harm. [Cits.] ' "No danger is more commonly realized or risk appreciated, even by children, than that of falling. . . ." ' " Id. In the case sub judice, the undisputed evidence shows that Sheree knew of and appreciated the possible danger of injuring herself if she fell while using the trampoline. In fact, "[t]he obviousness of the very danger which led to [Sheree's] injur[y] makes this action one of those cases in which a minor below the age of 14 may be deemed to have

assumed the risk as a matter of law. [Cit.]" Id. at 868. Contrary to the Barneses' assertion, Fulton did not have a duty to warn Sheree of such a known risk. See *Walters v. Mableton Wholesale Co.*, 204 Ga. App. 663 (420 SE2d 354) (1992). Further, any claim for damages under their alternative theory of negligent supervision must also fail because any alleged failure to supervise "cannot be the proximate cause of [Sheree's] injur[y], for the latter's knowing exposure of [her]self to danger is a bar to recovery. [Cits.]" *Riley*, supra at 868.

The evidence in the case sub judice demands a finding that Fulton did not breach the requisite duty of care owed to Sheree as a licensee, and accordingly, summary adjudication was warranted as a matter of law.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 15, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 — 

*Joseph M. Todd*, for appellants.
*Fain, Major & Wiley, Thomas E. Brennan*, for appellee.