### A94A1781. SCOGGINS v. BROWN et al.
(451 SE2d 478)

POPE, Chief Judge.

Plaintiff, a five-year-old boy who was injured when he stepped on a nail in defendants' yard, appeals from the trial court's grant of summary judgment for defendants.

Defendants (Mr. and Mrs. Brown) and plaintiff's parents (Mr. and Mrs. Scoggins) were good friends, and plaintiff's family frequently visited defendants. When Mr. Brown was working on a project around the house, Mr. Scoggins often gave him a hand, and that was what he was doing on the afternoon of plaintiff's accident: Mr. Scoggins was helping Mr. Brown work on his deck, while Mrs. Scoggins and Mrs. Brown were sitting in the yard with the Scoggins' daughter, and plaintiff was playing in the yard. The men were using wood from a woodpile near the back of the yard. All the adults knew the wood in the pile had nails in it, and both Mr. Brown and Mr. Scoggins warned plaintiff not to go near the woodpile because of the nails. Nonetheless, plaintiff followed his father to the woodpile and stepped on a board with a nail sticking out of it. Although plaintiff has now fully recovered, his wound became infected and surgery was required, resulting in medical bills in excess of $20,000.

1. Plaintiff first argues that the trial court erred in concluding he was a licensee rather than an invitee as a matter of law, and we agree. There is some evidence tending to show the Scoggins were social guests, in which case they were licensees; but there was other evidence that Mr. Brown invited the Scoggins for the purpose of obtaining Mr. Scoggins' help with the deck, in which case they might be invitees. See *Phillips v. Lindsey*, 184 Ga. App. 728 (362 SE2d 491) (1987). Accordingly, a genuine issue of fact existed regarding the Scoggins' status, and summary judgment should not have been based on this ground.

2. Nonetheless, summary judgment was properly granted for defendants because regardless of the Scoggins' status, defendants met their duty of care by warning their guests of the dangerous nails in the wood. Where parents are watching their child play on someone else's land and the parents are aware of a dangerous condition, it is the parents' duty, not that of the landowner, to ensure that the child avoids the danger. See *Wren v. Harrison*, 165 Ga. App. 847 (303 SE2d 67) (1983). In this case, all the adults had equal knowledge of the dangerous nails in the woodpile, and plaintiff was within an arm's reach of his father and within eyesight of his mother when the accident occurred. Moreover, plaintiff himself was warned several times not to go near the woodpile. Under these circumstances, the trial court did not err in concluding that plaintiff's injury was not proximately caused by any negligence on the part of defendants as a matter of law.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

While the majority has faithfully followed the decision in *Wren v. Harrison*, 165 Ga. App. 847 (303 SE2d 67), it is my view that this earlier case announces an incorrect rule of law. While parents have a duty to exercise due care for the safety of their children, I see no basis for holding that the parents' duty somehow releases a landowner or occupier of land from their duties to children who come upon the land. In accordance with the first division of the majority opinion, the injured child in the case sub judice must be viewed as an invitee so that the applicable duty of the landowner is to exercise reasonable care in keeping the premises safe. OCGA § 51-3-1. Once the landowner's duty of care is acknowledged, a jury may resolve the questions of whether parent or landowner or both were negligent, and where lies the proximate cause of the child's injury.

The present case is not entirely dissimilar from an automobile collision wherein an injured child is a passenger in one of the vehicles.

The child may pursue a claim against the non-parent driver subject to proof of the elements of any tort claim, including negligence and proximate cause. *Taylor v. McClendon*, 205 Ga. App. 390 (2) (422 SE2d 440).

The holding in *Wren* which would absolve the landowner of any duty of care towards the child is entirely unsupported by the preceding chain of authority, is contrary to our statutory law, and should now be corrected. Therefore, I respectfully dissent since I would overrule *Wren*, supra, reverse the grant of summary judgment in favor of defendants, and return the case sub judice to the superior court for trial. See also *Haliburton v. Cole*, 193 Ga. App. 795, 796 (2) (389 SE2d 13).

The concept for which the majority cites *Wren* was stated without analysis or explanation as being predicated upon *George R. Lane & Assoc. v. Thomasson*, 156 Ga. App. 313 (274 SE2d 708), and the case cited therein. However, this earlier root case does not state the rule announced in *Wren* and was decided under alternative theories of law easily distinguishable from the rule stated in *Wren*, that is, that liability was barred under an indemnity clause in a lease, or because the child who died was a trespasser, or at best licensee, so that there was no liability in the absence of wilful and wanton conduct by that defendant. In the root case of *George R. Lane & Assoc. v. Thomasson*, supra, the only references to an absence of duties on the part of landowners to those who came upon their land was with reference to the lesser standards of care provided trespassers and licensees. The authority cited there is also limited to cases discussing these lesser standards of care. Also, while a reference is made to the parents' duty to provide for the safety of a child, no connection between that reference and the holding of the root case was stated or explained.

DECIDED NOVEMBER 21, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994 —

*Fitzpatrick & Camp, Thomas A. Camp,* for appellants.
*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Kim T. Stephens,* for appellees.