A00A1909. HERRON v. HOLLIS et al.
(546 SE2d 17)

BLACKBURN, Chief Judge.

Terry Herron, individually and as administrator of the estate of Cassidy M. Herron, appeals the trial court's order granting summary judgment to Dennis L. Hollis. Herron brought the underlying action against Hollis and Debbie Herron for negligent supervision and negligence as a result of the drowning death of his daughter, Cassidy Herron, in a pool located at the home shared by Hollis and Debbie Herron, Cassidy's mother. For the reasons set forth below, we affirm the grant of summary judgment to defendant Hollis.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at

---

[23] Id.
[24] See *Schaffer v. City of Marietta,* 220 Ga. App. 382, 384 (2) (469 SE2d 479) (1996); *Pardo v. State,* 215 Ga. App. 317 (450 SE2d 440) (1994).

least one essential element of the plaintiff's claim. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.

(Citation omitted.) *Kirkland v. Pioneer Machinery*.[1] See also *Lau's Corp. v. Haskins*.[2]

Viewed in this light, the evidence establishes that after Terry and Debbie Herron's separation, Debbie Herron moved with three-year-old Cassidy into Hollis' house. Although the backyard was fenced, there was no fence separating an in-ground pool from the rest of the backyard. The record is uncontroverted that on the day of the incident while Hollis was taking a nap, Debbie Herron watched Cassidy. Debbie allowed Cassidy to go into the backyard where the pool was located. After Debbie watched Cassidy play for a little while, Debbie went back into the house without Cassidy. When Debbie looked out the window to check on Cassidy, Debbie saw the child's play car floating in the pool, and she called to Hollis as she ran outside to find Cassidy. Debbie pulled Cassidy out of the pool. Tragically, Cassidy died the next day.

The trial court determined that Hollis was not liable for Cassidy's death under a theory of negligent supervision because it was undisputed that Hollis was asleep at the time of the accident, and he had, therefore, not undertaken supervisory control of the child at that time. Additionally, the trial court determined that Hollis was not negligent as the owner of the pool and house. The trial court found that the deceased child was a licensee and that a landowner's duty to a licensee was to prevent wilful or wanton injury. As there was no evidence that the injury to the deceased was wilful or wanton on the part of Hollis, there could be no liability based upon Hollis' status as the landowner.

1. The trial court correctly determined that Hollis is not liable for Cassidy's death under a negligent supervision theory.

As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is

---

[1] *Kirkland v. Pioneer Machinery*, 243 Ga. App. 694, 695 (534 SE2d 435) (2000).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

required only to use reasonable care commensurate with the reasonably foreseeable risk of harm.

(Punctuation omitted.) *Wallace v. Boys Club of Albany*.[3]

Herron contends that because Hollis deposed that he generally participated in the parenting, supervising and disciplining of Cassidy he should be liable for negligently supervising her on the day of the incident. However, because it is undisputed that Cassidy was being supervised by her mother at the time of the incident, and Cassidy's mother knew that Hollis was taking a nap, we must agree with the trial court that Hollis is not liable under a negligent supervision theory. " '[I]t would normally be the duty of a parent or other adult having primary supervisory control over the child to see to it that a child would not be going into a place of obvious danger.' " *Hemphill v. Johnson*.[4] At the time of the incident, Cassidy's mother had primary and exclusive supervisory control over Cassidy.

2. The trial court correctly granted Hollis' motion for summary judgment on Herron's claims involving premises liability. *Gregory v. Johnson*,[5] cited by Herron, is distinguishable from the present case, because therein, the victim was a trespasser and the pool was not fenced in any manner. Additionally, the victim in *Gregory* was not being supervised. In the present case, Cassidy was being supervised by her mother. Therefore, this case is more similar to the facts in *Wren v. Harrison*,[6] wherein we stated that "the duty of providing a safe playground for a child rests upon [her] parents."

Although Herron contends that the trial court erred in determining that Cassidy was a licensee, we do not reach this issue because Hollis' relationship with Cassidy required that he exercise reasonable care to protect her when she was in his care. When Hollis undertook supervisory responsibility, he became responsible for injury to Cassidy "through his negligence, and his duty to use reasonable care to protect the child is not measured by what his duty would have been to a social guest or licensee." (Punctuation omitted.) *Bunn v. Landers*.[7]

> "The measure of precaution that must be taken by one having a child in his care, who stands in no relation to the child except that he has undertaken to care for it, is that care which a prudent person would exercise under like cir-

---

[3] *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 535 (1) (439 SE2d 746) (1993).

[4] *Hemphill v. Johnson*, 230 Ga. App. 478, 481 (2) (497 SE2d 16) (1998).

[5] *Gregory v. Johnson*, 249 Ga. 151 (289 SE2d 232) (1982).

[6] *Wren v. Harrison*, 165 Ga. App. 847, 849 (303 SE2d 67) (1983).

[7] *Bunn v. Landers*, 230 Ga. App. 744, 745 (2) (498 SE2d 109) (1998).

cumstances. As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm."

*Bunn v. Landers*, supra.

Although there is always a risk of harm when small children are playing in and around water, we must determine whether Hollis used reasonable care in leaving Cassidy under the supervision of her mother, knowing that an uncovered pool was present in the fenced-in backyard.

We have previously determined that a swimming pool is not a mantrap. See *Hemphill*, supra. The evidence establishes that Hollis spoke to Cassidy about the dangers of water and that Hollis did not leave Cassidy alone in the yard. On the day of the drowning, Hollis merely left Cassidy under her mother's supervision. Additionally, there is no evidence that Cassidy's drowning was caused by any defect in the pool. Although Herron contends that Hollis was aware that Cassidy was not afraid of the water, this fact is without weight under our present analysis because it was Cassidy's mother who left her unattended by the swimming pool, not Hollis. Under the present circumstances, it is plain that it is not reasonably foreseeable that a mother would leave her three-year-old daughter unsupervised near an uncovered pool.

Herron contends that Hollis should have built a small fence around the pool in the exercise of reasonable care to protect Cassidy. However, no statute or ordinance requires such a fence, and Herron has cited to no case law which does so. Here, no ordinances have been violated. Hollis was not supervising the child at the time of the incident and was not otherwise negligent in a manner that contributed to the child's death. The child's mother, who was supervising the child at the time of the incident, was negligent in failing to do so. Hollis cannot be held responsible for the death of the child under these facts. To hold otherwise would be to make him strictly liable for injuries to the child which resulted from a failure of the child's mother to properly supervise her.

The evidence is plain, palpable and indisputable that the proximate cause of Cassidy's death was not any negligence of Hollis. Therefore, the trial court properly granted Hollis' motion for summary judgment.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 22, 2001.

*Deming, Parker, Hoffman, Green & Campbell, Paul M. Hoffman,* for appellant.

*Tisinger, Tisinger, Vance & Greer, Glenn M. Jarrell, Julian M. Treadaway,* for appellees.