## A02A0527. PRILLAMAN v. SARK et al.
(567 SE2d 76)

BLACKBURN, Chief Judge.

Megan Prillaman appeals the trial court's grant of summary judgment in favor of C. Erik Sark, Matt Cremers, and Southern Cheerleading Academy, Inc. in her negligence action arising from a cheerleading class accident. Prillaman contends that: (1) the trial court erred in determining she assumed the risk of injury and (2) there were genuine issues of fact to be decided by a jury. For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). . . . Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.

*Herron v. Hollis.*[1]

Viewed in this light, the record shows that Prillaman was taking a cheerleading stunt class at Southern Cheerleading Academy. During the class, the instructors were teaching a stunt known as a "basket toss." In the basket toss, a cheerleader is catapulted up to a height of about 15 or 20 feet, executes a maneuver, and is caught by several partners. During class, the instructor, Sark, chose to practice the basket tosses on the asphalt outside the gym because the facility was too low to accommodate the stunt. Sark was certified by the American Association of Cheerleading Coaches & Advisors (AACCA), was familiar with the AACCA safety guidelines, and considers AACCA as an authoritative resource in the cheerleading field. The AACCA manual recommends that all cheerleading stunts be done on a matted surface. Although Prillaman expressed concern about performing over the blacktop surface, Sark assured her, several times, that it was fine.

At the time of the injury, although Prillaman had been involved in gymnastics and cheerleading, she had never attempted full basket tosses prior to the day of her injury or any other stunt with more

---

[1] *Herron v. Hollis,* 248 Ga. App. 194 (546 SE2d 17) (2001).

than one partner. Her instructor, Sark, testified that there should be a natural progression of skills before more difficult stunts, such as the basket toss, should be attempted. Prillaman performed only two basket tosses and had never performed the back flip body layout toss prior to the injury. Prillaman was underrotated, her foot slipped through the arm of one of her partners, and she injured her heel when it hit the asphalt as she came down from the toss.

Assumption of the risk is a complete defense in a negligence action if (1) the plaintiff had some actual knowledge of the danger, (2) she understood and appreciated the risk, and (3) she voluntarily exposed herself to the risk. *Desai v. Silver Dollar City*.[2]

For the defense of assumption of the risk of danger to apply, Sark must show that Prillaman had "a full appreciation of the danger involved and without restriction of [her] freedom of choice either by the circumstances or by coercion, deliberately [chose] an obviously perilous course of conduct." (Punctuation omitted.) *Rubin v. Cello Corp.*[3]

> The knowledge requirement does not refer to a comprehension of general, non-specific risks. Rather, the knowledge that a plaintiff who assumes the risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. Whether a party assumed the risk of his injury is a jury question that should not be decided by summary adjudication unless the defense is conclusively established by plain, palpable and undisputed evidence.

(Citations and punctuation omitted.) Id.

The record does not demonstrate that Prillaman fully understood and appreciated the risk associated with the basket toss stunt. The record shows that although Prillaman took cheerleading partner stunting classes for two years prior to her injury in the fall of 1997, she had learned to do only various single partner tosses which would be only four to five feet in the air. Prillaman had not suffered any previous injuries doing cheerleading stunts. Although she knew that there was a possibility of injury if she participated in stunting, she had never seen anyone injured in basket tosses. She had not performed full basket tosses before the day of the injury and had never done the particular back flip body layout toss. Prillaman was in a student-teacher relationship, she was not a member of AACCA, and was not aware of its safety guidelines or the proper progression of

---

[2] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 164 (3) (493 SE2d 540) (1997).
[3] *Rubin v. Cello Corp.*, 235 Ga. App. 250, 252 (1) (b) (510 SE2d 541) (1998).

skills learning necessary for performing the basket toss stunt. She relied on her instructor's knowledge and expertise to determine her progress and safety to her detriment.

In contrast, Sark had a superior knowledge of the risks of the basket toss. Sark permitted the class to perform the basket tosses on the asphalt surface in clear violation of the AACCA recommendations. He was familiar with the standards, but there is evidence that he failed to comply with recommendations for safety and progression of skills that were industry standards. Evidence of industry safety standards and the failure to comply with such standards may be considered in gauging whether the defendant exercised a reasonable standard of care or was negligent. See *Little Ocmulgee Elec. Membership Corp. v. Lockhart*.[4]

In fact, Sark pressured Prillaman to attempt the stunt despite her reservations. Prillaman testified that "you need to have 100 percent trust in your stunt partner or you can't perform; and I had that in [Sark]." On the day of her injury, Prillaman expressed her concern to Sark about the asphalt surface after the class moved to it to find an even surface. She testified he told her, "It will be fine. We will catch you; I promise." She testified, based on his assurances, she then felt relatively comfortable with the stunt. Before her first basket toss, Prillaman testified she mentioned the blacktop to Sark again and he told her to "be quiet. Get in the basket. It will be fine."

This case is distinguishable from the facts in *Young v. Brandt*.[5] In *Young*, an experienced horsewoman, Brandt, expressed concern about riding a stallion with a particular type of tack and was reassured, " 'You'll be fine,' " by her riding instructor, Young. Id. at 890. The horse bucked; Brandt fell and was kicked by the horse. Brandt testified she relied on Young's knowledge of both the horse and her own riding skills. This Court held that the trial court had erred in denying a directed verdict to Young because, based on the facts of the case, Brandt had assumed the risk of her injury.

This Court pointed out that Brandt was a highly capable horsewoman, had been riding for years, knew stallions were unpredictable, received instruction three to five times a week, taught beginning and intermediate riders herself, had the third highest ranking, a "B" rider, in the Pony Club, had ridden this particular horse as many as twenty times, and had participated the day of the injury in putting the tack on the stallion. *Young*, supra, involved the actions of an animal and Brandt's knowledge of its temperament. Through knowledge, experience, and training, Brandt was well qualified to

---

[4] *Little Ocmulgee Elec. Membership Corp. v. Lockhart*, 212 Ga. App. 282, 283 (1) (441 SE2d 796) (1994).

[5] *Young v. Brandt*, 225 Ga. App. 889 (485 SE2d 519) (1997).

make the choice of riding the stallion, and thus assumed the risk. Unlike Brandt, Prillaman was not experienced in cheerleading stunts other than single partner stunts, had not performed the full basket toss prior to the day of her injury, was not a member of the AACCA, and was not knowledgeable about the AACCA safety guidelines or appropriate progression of skills necessary to perform the basket toss safely.

Based on the evidence set forth above, there is a genuine issue of material fact as to whether Prillaman clearly understood the risk of the basket toss on the blacktop and "whether [she] voluntarily and without coercion chose a perilous course of conduct." *Styles v. Mobil Oil Corp.*[6] We reverse the judgment in this case.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002.

*Jeffrey H. Dover*, for appellant.
*Hicks, Casey & Barber, William T. Casey, Jr., Lisa K. Whitfield*, for appellees.

---

[6] *Styles v. Mobil Oil Corp.*, 218 Ga. App. 48 (1) (459 SE2d 578) (1995).