A02A0395. RICE v. ELLIOTT et al.
(567 SE2d 721)

ANDREWS, Presiding Judge.

Mark Rice's 11-year-old son, Michael, fractured his wrist while skating on in-line skates as a guest on a ramp at a neighbor's home. As parent and next friend of the child, Rice sued the homeowners, Charlotte and Johnny Elliott, claiming they negligently maintained a dangerous condition on the premises and negligently failed to properly supervise the child. Rice appeals from the trial court's grant of summary judgment in favor of the Elliotts. Because the facts establish as a matter of law that the Elliotts violated no legal duty owed to the child or Rice, we affirm.

Michael was invited by the Elliotts' 13-year-old child to skate on an inclined ramp located on the Elliotts' property. The Elliotts were not home at the time and did not know Michael was using the ramp. After skating up and down the ramp for about fifteen minutes, Michael climbed to the top of the four-foot-high ramp, sat down, and then slid down the ramp on his backside, fracturing his wrist in the process.

As a social guest, Michael occupied the status of a licensee at the time of the injury. *Bowers v. Grizzle*, 214 Ga. App. 718, 719-720 (448 SE2d 759) (1994); *Stewart v. Harvard*, 239 Ga. App. 388, 392 (520 SE2d 752) (1999). Accordingly, the Elliotts owed the duty not to injure a licensee wilfully or wantonly. OCGA § 51-3-2 (b); *Stewart*, 239 Ga. App. at 392; *Barnes v. Fulton*, 213 Ga. App. 806, 807 (446 SE2d 213) (1994). This standard applies even if the licensee is a child who may not be able to appreciate the danger of a particular situation as readily as an adult. *Handiboe v. McCarthy*, 114 Ga. App. 541-542 (151 SE2d 905) (1966). Although a landowner owes a duty to use ordinary care to protect anticipated licensees from dangerous activities being conducted on the premises or from hidden perils, where the alleged negligence arises from a dangerous static condition on the premises, the duty remains not to injure the licensee wilfully or wantonly. Id. at 542; *Bronesky v. Estech, Inc.*, 170 Ga. App. 724, 725 (318 SE2d 194) (1984); see *Trammell v. Baird*, 262 Ga. 124, 125-126 (413 SE2d 445) (1992) (setting forth the same rule for trespassers).

The ramp at issue was an open and obvious inclined structure sloping to the ground from a height of about four feet. The injury occurred when the child slid down the ramp. This is not a case where a licensee was injured by being within the range of a dangerous act

being done on the premises or by coming into contact with a pitfall, mantrap, or other hidden peril on the premises. The ramp was a visible structure that constituted a passive, static condition on the premises.

Since there is no evidence that the Elliotts breached their duty not to wilfully or wantonly inflict injury on the child, the trial court properly granted summary judgment on this claim. *Bronesky*, 170 Ga. App. at 725-726.

As to the negligent supervision claim, the record shows that the Elliotts were not home at the time of the injury and did not know Michael was using the ramp. There is no evidence that the Elliotts undertook any duty to supervise Rice's child. *Herron v. Hollis*, 248 Ga. App. 194, 195-196 (546 SE2d 17) (2001). Under the circumstances, "[i]t would normally be the duty of a parent or other adult having primary supervisory control over the child to see to it that a child would not be going into a place of obvious danger." (Citation and punctuation omitted.) Id. at 196. The trial court properly granted summary judgment to the Elliotts on this claim.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 24, 2002.

Mark Rice, *pro se.*

Hawkins & Parnell, William H. Major III, David H. Wilson, for appellees.