A03A1992. NUNN et al. v. PAGE et al.
(594 SE2d 701)

MIKELL, Judge.

Melvin and Harriet Nunn filed the underlying action asserting premises liability and negligent supervision claims against Stephen and Janet Page after the Nunns' four-year-old son, Daniel, was injured while jumping on a trampoline in the Pages' backyard. The trial court granted summary judgment to the Pages, and the Nunns appeal. For reasons explained below, we affirm the grant of summary judgment on the premises liability claim and reverse as to the claim of negligent supervision.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.

(Citations and footnotes omitted.) *Herron v. Hollis*, 248 Ga. App. 194-195 (546 SE2d 17) (2001).

So viewed, the record shows that on June 28, 2000, Daniel knocked on the Pages' back door and asked for their eight-year-old daughter, Stephanie. Stephen Page told Daniel that Stephanie was outside playing on the trampoline. Stephen Page deposed that he gave Daniel permission to join Stephanie on the trampoline; however, neither he nor his wife supervised the children while they were playing. Stephen Page further admitted that he did not warn Daniel of any dangers associated with using the trampoline. According to Stephanie, she and Daniel were chasing each other on the trampoline when she heard him crying. She discovered that he had fallen from the trampoline. Daniel suffered an injury to his leg requiring a four-hour emergency surgery.

1. The trial court properly granted summary judgment to the Pages on the Nunns' premises liability claim. None of the parties disputes that Daniel was a licensee on the Pages' property at the time of

his injury. It is well settled that "[t]he owner of the premises is liable to a licensee only for willful or wanton injury." (Punctuation omitted.) *Riley v. Brasunas*, 210 Ga. App. 865, 867 (1) (438 SE2d 113) (1993), citing OCGA § 51-3-2 (b). Accord *Barnes v. Fulton*, 213 Ga. App. 806, 807 (446 SE2d 213) (1994). "That the injured person was a child does not alter this standard." (Citations omitted.) *Stewart v. Harvard*, 239 Ga. App. 388, 392 (2) (520 SE2d 752) (1999). "Further, there is no duty to a licensee with respect to keeping the usual condition of the premises up to any particular standard of safety except that they must not contain a pitfall or mantrap." (Citation and punctuation omitted.) *Riley*, supra. Unlike a claim for negligent supervision, a premises liability claim is based upon the homeowners allegedly permitting a defect or hazardous condition to exist on the premises, and not upon their conduct as supervisors. *Hemphill v. Johnson*, 230 Ga. App. 478, 481 (2) (497 SE2d 16) (1998).

The Nunns argue that the two children jumping on the trampoline at the same time constituted a dangerous activity, rather than a static condition. However, this Court has held that a seven-year-old child's misuse of a trampoline to jump to a chin-up bar did not constitute a pitfall or mantrap, even taking into consideration the licensee's young age. *Riley*, supra. We reasoned that

> the obvious risk involved in the game invented by the boys was falling and hurting oneself. The dangers associated with fire, falling from heights, and from water are said to be normally understood by young children absent other factors creating additional risks of harm. . . . No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. . . . While it is recognized that children of tender years and youthful persons generally are entitled [to] a degree of care proportioned to their ability to foresee and avoid the perils that may be encountered, this rule must be considered in the light of the fact that even young children have a natural fear of water, fire and heights.

(Citations and punctuation omitted.) Id. Similarly, the obvious risk involved in Daniel and Stephanie's game of chase on the trampoline was falling and hurting oneself.

Applying the above reasoning to the case sub judice, we conclude that the record does not demonstrate that the Pages wilfully or wantonly led Daniel into a hidden peril on their premises and therefore

did not breach the duty of care owed to their social guest. Thus, they were entitled to summary judgment on the premises liability claim.[1]

2. However, the Nunns also argue that the trial court erred in granting summary judgment on their negligent supervision claim. We agree.

> As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury. Such person is not an insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm.

(Citation omitted.) *Herron,* supra at 197 (2). See also *Hemphill,* supra at 480 (1). We cannot say that the Pages' supervision of Daniel was not negligent as a matter of law, as jury questions exist as to whether they undertook the supervision of Daniel and whether they used reasonable care to protect him from injury. See *Hemphill,* supra. In support of the Nunns' allegation that the Pages undertook the supervision of Daniel, there is evidence in the record that Daniel and Stephanie often played together and that the Pages and the Nunns believed that the children were supposed to be supervised by the respective homeowner parents. Further, on the date in question, Stephen Page gave Daniel permission to join Stephanie on the trampoline. It is undisputed that both Stephen and Janet Page were home at the time of Daniel's injury and that neither supervised the children on the trampoline. Accordingly, their negligence is a matter for jury determination, and the trial court erred in granting summary judgment on this claim.[2] The trial court's reliance on *Scoggins v. Brown,* 215 Ga. App. 601 (451 SE2d 478) (1994), is misplaced, because in that case the injured child had been warned of the danger, and his parents were present and were responsible for his supervision. Id. at 602 (2).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Eldridge, J., concur.*

---

[1] The Nunns' argument that the trampoline constituted an attractive nuisance is without merit, because the parties agree that Daniel was a licensee. "The theory of attractive nuisance is that a possessor of land is subject to liability for physical harm to children trespassing thereon." (Citation, punctuation and emphasis omitted.) *Biggs v. Brannon Square Assoc.,* 174 Ga. App. 13, 15 (1) (329 SE2d 239) (1985).

[2] If the Pages raise Daniel's alleged assumption of the risk of harm or contributory negligence as a defense to the negligent supervision claim, that issue must also be determined by a jury. *Pearson v. Small World Day Care Center,* 234 Ga. App. 843, 845-846 (2) (b) (508 SE2d 200) (1998).

DECIDED FEBRUARY 9, 2004

*H. Lehman Franklin, Jr., Elizabeth A. Branch,* for appellants.
*Millard B. Shepherd, Jr.,* for appellees.