Barnes, Presiding Judge,
dissenting.
I agree with the majority’s analysis and conclusion regarding Chemtall’s duty to Law under the McClure test. However, the majority’s analysis regarding Law’s knowledge about the sodium hydroxide puddle, while persuasive, is not convincing, and thus, I must respectfully dissent. Although a close question, Chemtall was not entitled to a directed verdict because there was some evidence disputing whether Law possessed “full knowledge” of the potential chemical hazards at the tank farm. See McKinney v. Regents of the Univ. System of Ga., 284 Ga. App. 250, 252 (1) (643 SE2d 736) (2007). See generally Chrysler Group v. Walden, 339 Ga. App. 733, 735-736 (1) (792 SE2d 754) (2016) (“In considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion.”) (citation and punctuation omitted). This was an issue of fact best determined by the jury. Indeed, because the jurors are “the sole and exclusive judges of the weight and credit given the evidence,” we must construe the evidence with “every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.” (Citation and punctuation omitted.) Wood v. B&S Enterprises, 314 Ga. App. 128, 135 (5) (723 SE2d 443) (2012).
Although “[f]ull knowledge by the independent contractor of the dangers should and will be held to discharge the landowner’s alternative duty to warn the employees,” (citation and punctuation omitted) McKinney, 284 Ga. App. at 252 (1),
[t]he knowledge requirement does not refer to a comprehension of general, non-specific risks. Rather, the knowledge *379 that a plaintiff who assumes the risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury
Decided June 28, 2017
Reconsideration denied July 13, 2017.
Jones Osteen & Jones, Richard E. Braun, Jr., for appellants.
Lewis Brisbois Bisgaard & Smith, R. Scott Masterson, Todd E. Schwartz, Joelle C. Sharman, for appellee.
Prillaman v. Sark, 255 Ga. App. 781, 782 (567 SE2d 76) (2002). The evidence demonstrates that Chemtall placed a sign at the worksite advising workers of the presence of sodium hydroxide and its hazards. The evidence, however, does not conclusively establish that Daybreak and Law had full knowledge of, to the exclusion of Chemtall, the fact that sodium hydroxide might be puddled in various locations on the tank farm. Nor does the evidence conclusively establish that Law knew that the puddle he assumed was water, and had walked by on previous occasions, was sodium hydroxide. Indeed, Chemtall’s contractor safety manual had an exhaustive list of potential hazards relative to where and what type of work was being performed, and the presence of puddled or standing chemicals outside of storage tanks was not mentioned.
“The granting of a directed verdict is a grave matter as, in directing a verdict, the trial court takes the case away from the jury and substitutes its own judgment for the combined judgment of the jury” (Citation and punctuation omitted.) Kroger Co. v. Strickland, 248 Ga. App. 613, 613-614 (1) (548 SE2d 375) (2001).
Because I would find that the trial court erred in granting Chemtall’s motion for directed verdict, I respectfully dissent.
I am authorized to state that Presiding Judge Miller and Judge McMillian join in this dissent.